## No. 409.

SAMUEL WHITED, Tax Collector, *v.* Mrs. M. J. LEWIS and HUSBAND.

The fact whether or not a law has been duly promulgated may be within the province of the judiciary, but whether or not it went regularly through all the stages necessary for its passage as a law up to the promulgation, is a subject confined to other departments of the constitution.

The eleventh section of act 81 of the regular session of 1872, promulgated on the thirteenth April, 1873, amending the charter of the town of Monroe, was not passed in violation of the formalities required by the constitution. The objects embraced in said section of said act are embraced in the title.

In 6 An., 695, it is said: "When portions of a law come within the reasonable intendment of its title, and others do not, the latter alone are unconstitutional, provided they can stand alone." This properly applies to the aforesaid section.

The right of a party to raise the question of the constitutionality of a law is limited to the provisions thereof which affect his interest in the litigation.

Section 11 does not violate, as alleged, the uniformity and equality of taxation, because it exempts some property and persons in the town of Monroe, within the limits of the parish of Ouachita, from taxation to which other inhabitants of the parish are subject, and because the Legislature can only exempt "property actually used for church, school and charitable purposes."

The power to tax property within the parish of Ouachita and require licenses from the inhabitants thereof, was conferred by the Legislature on the police jury, and the exercise of that power is only curtailed by the section of the law which exempts the town of Monroe.

The Legislature conferred the power of taxation on each subdivision of the local government —the police jury of the parish and the municipal authorities of the town of Monroe—and had the right to withdraw or modify that delegation as to each or both.

The act was not retroactive. It merely withdrew a delegated power which had not yet been exhausted, and destroyed no vested right in the police jury.

Where it was contended that section 3493, R. S., did not authorize the Secretary of State to promulgate an act of the Legislature that had not received the Executive sanction, as was the case in this suit;

Held—That this is too restricted an interpretation of the functions of the Secretary of State when connected with article 66 of the constitution.

The act in question was necessarily presented to the Governor, but was published without his signature. Although not drawn up with such precision and fullness as might be done, a fair construction of section 3493, R. S., in the light of the various articles of the constitution having any reference to the subject, will afford authority in the Secretary of State to deliver to the State Printer for publication all bills in the category of this one, with the statement that they became laws without the signature of the Governor.

A bill becoming a law without the Governor's signature must be promulgated as well as one with his signature, and all bills must be promulgated through the office of the Secretary of State.

It may not be sacramental, under existing legislation, that he shall state, or add in a note, that it became a law without the signature of the Governor, and how it so happened; but the court can not say that, under all the provisions of the constitution and the laws on the subject, his doing so will destroy the law, or prevent a bill in such a contingency from becoming a law.

APPEAL from the Parish Court, parish of Ouachita. *Baker, J. Garrett & Garrett, A. L. Slack,* District Attorney *pro tem.*, for plaintiff and appellee. *R. G. Cobb,* for defendants and appellants.

HOWELL, J. Plaintiff, as collector of parish taxes, sues defendant for $100, as the license, fixed by an ordinance passed by the Police Jury of Ouachita, on the business of keeper of a hotel in the city of Monroe. The defense is that by the eleventh section of act 81, of the regular session of 1872, promulgated on the thirteenth of April, 1873, amending the charter of Monroe, all property situated in Monroe, and

persons following trades, occupations and professions therein, are exempted from paying taxes or licenses to the parish.

In reply the plaintiff says that said act was not passed in conformity with the formalities required by the constitution, and is in violation of articles 114, 115, 118 and 110 of said instrument.

*First*—In the case of the Louisiana State Lottery Company *v.* Richoux et als., 23 An. 743, it was held that courts will presume that the constitutional rules laid down for the passage of laws have been complied with by the lawmaker, and when duly promulgated will accept them without inquiry as to the observance or non-observance of such rules. Assuming the regularity of the promulgation of the law under consideration, we must, under this rule of jurisprudence, accept it as having been passed, as promulgated, upon the observance of all the rules prescribed for the enactment of laws. Any alleged discrepancy, therefore, in the title as adopted by one house and that as adopted by the other, is not a subject of judicial inquiry. The fact whether or not a law has been duly promulgated, may be within the province of the judiciary; but whether or not it has regularly passed through all the stages necessary for its passage as a law up to the promulgation, it seems now settled in this State, is a subject confined to other departments of government.

*Second*—Does the title express the objects of the law? Article 114. As the eleventh section only of said act is involved in this controversy, we have simply to ascertain if the object or objects embraced in it are expressed in the title. In 6 An. 605 it was said, "when portions of a law come within the reasonable intendment of its title, and others do not, the latter alone are unconstitutional, provided they can stand alone." This properly applies to the section under revision, it containing independent matter. See, also, 21 An. 309, 448. In these cases the right of a party to raise the question of the constitutionality of a law was limited to the provisions thereof which affected his interest in the litigation.

Referring to the title and section of the law attacked herein, we consider the objects of the latter embraced in the former. The act is professedly amendatory. Its title reads, "An act to amend and re-enact sections one, two, three, seven, and the ninth paragraph of section nine, to add a twenty-first paragraph to section nine, and to amend and re-enact sections nineteen, twenty, twenty-one and twenty-eight of the act entitled an act to incorporate the city of Monroe, to fix its boundaries, to provide for the government, and create a recorder's office for the same, approved May 4, 1871, and after the first day of January, 1873, to exempt all property, real and personal, and all persons, firms or corporations within the corporate limits of the city of Monroe from the payment of parish taxes and licenses, and to provide

for the payment of costs and fees in criminal cases, originating within said corporate limits."

The eleventh section reads: " That all real and personal property within the corporation of the city of Monroe, and all persons, firms and corporations within the said corporation, be and the same are hereby exempted from all taxes and licenses levied by the parish of Ouachita from and after the first day of January, 1873 ; provided, that the city of Monroe shall be liable for the expenses in all criminal cases originating within its corporate limits ; and the clerk of the district court and the sheriff of the parish of Ouachita shall collect their fees in such cases from the corporate authorities of the city of Monroe, and not from those of the parish of Ouachita."

It is objected that the whole object, announced in the title, as to costs and fees in criminal cases, is not effected or carried out in the eleventh section. This implies that the object of the law in this respect is expressed in the title, and whether any costs and fees besides those of the clerk or sheriff can be collected from the city of Monroe or not is a question to be settled in a litigation on that particular point, and can not affect the constitutionality of the law.

*Third*—It is next objected that the act under discussion violated article 115 of the constitution, because the attempt is made to amend and re-enact the ninth paragraph of the ninth section of a previous act, and to add a new (21) paragraph thereto, without re-enacting the amended section at length.

Conceding this to be a well-founded objection in a proper case, it cannot, under the rule above announced, be raised here, because plaintiff has no interest in having it settled.

*Fourth*—It is further contended that section eleven violates the uniformity and equality of taxation, because it exempts some property and persons within the limits of the parish from taxation to which others are subject, and because the Legislature can only exempt "property actually used for church, school and charitable purposes."

Municipal or political corporations within this State can exercise the power of taxation only so far as conferred by its Legislature. (8 An. 341 ; 9 An. 562; 13 An. 56.) " Our statute books and those of our sister States are filled with acts creating those political corporations whose powers are emanations from the legislative will, and subject to be enlarged or curtailed by that will from time to time, as the wisdom of the legislation may dictate."

The power to tax the property within and require licenses from the inhabitants of the parish of Ouachita was conferred by the Legislature, and the exercise of that power is only curtailed by the section of the law under discussion. This law does not exempt these subjects or objects from taxation ; but simply limits or restricts them to the tax-

ing power of one of the two corporations. The exempting of persons and property within the corporation of Monroe from taxation in any form by the police jury of the parish, only withdraws to that extent from the police jury a power which had been delegated to it. The police jury still must exercise the delegated power on this subject in conformity with the constitution and laws within the limits of the parish, yet subject to its legislative control; while the municipal authorities of Monroe must do the same within its limits. The Legislature conferred the power on each sub-division of the local government, and had the right to withdraw or modify that delegation as to each or both.

*Fifth*—Is the law retroactive in the meaning of article 110 of the Constitution ?

It proposes to exempt the property and person's from parish tax and license from and after the first day of January, 1873; it was not promulgated, as admitted by the defendant, until April 13, 1873, after the the passage of the ordinance by the police jury (February 17, 1873) imposing the license claimed; and it may be admitted, for the purposes of this question, that promulgation is essential to the passage of the act. But if the doctrine above stated be correct, it simply withdrew (as the Legislature could do) a delegated authority or power, which had not yet been exhausted. The language is " * * * hereby exempted from all taxes and licenses levied by the parish of Ouachita, from and after the first day of January, 1873." The license claimed herein was levied after the first day of January, 1873, and not having been collected, came within the purview of this act when it became a law.

The doctrine is well settled that a delegated power may be withdrawn at any time, provided the rights of third persons are not thereby affected. In this case there is no third person affected; the Police Jury being the party receiving the power to be exercised under the condition or contingency of being curtailed or withdrawn. Had the law authorized the Police Jury to levy a tax or license for a period that had passed, when it became a law, it would have been retroactive and unconstitutional. But its operation, as invoked in this case, was prospective, and therefore not unconstitutional. There was no vested right in the Police Jury to the said license as to the power of the Legislature.

*Sixth*—It is contended, finally, that the Secretary of State transcended his functions by promulgating the act as he did.

Const., art. 68. " * * * The records of the State shall be kept and preserved in the office of the Secretary of State ; he shall keep a fair register of the official acts and proceedings of the Governor, and when necessary shall attest them ; * * * and shall perform such other duties as may be injoined on him by law."

The constitution, in article 109, contemplates the promulgation of all laws, the mode of doing which, however, is regulated by statute. Sec. 3493, R. S. "The Secretary of State shall number all acts or resolutions of the General Assembly and keep a register thereof, and shall indorse thereon the day on which they may be filed in his office, after receiving the sanction of the Executive. Copies of all acts and resolutions shall be delivered by the Secretary of State to the State Printer in the order in which they may be filed in his office." * * *

These, it is contended, are all the provisions of the law on this subject, and that they do not authorize the Secretary of State to promulgate an act that has not received the Executive sanction, as was the case in this instance.

We think this a too restrictive interpretation of the functions of the Secretary of State; particularly when considered in connection with article 66 of the constitution, which in one clause declares that "if a bill shall not be returned by the Governor within five days after it shall have been presented to him, it shall be a law in like manner as if he had signed it; unless the General Assembly by adjournment prevent its return; in which case the said bill shall be returned on the first day of the meeting of the General Assembly after the expiration of said five days, or be a law."

The bill in question was necessarily presented to the Governor, but was published without his signature. Although not drawn up with such precision and fullness as might be done, a fair construction of section 3493, R. S., in the light of the various articles of the constitution having any reference to the subject, will afford authority in the Secretary of State to deliver to the State Printer for publication all bills in the category of this, with the statement that they became laws without the signature of the Governor. He is required to deliver all acts and resolutions to the State Printer, and the authority to indorse on them the day of the filing in his office after receiving the Executive sanction, does not necessarily exclude the authority to do the same with those which become law by virtue of the constitution without his signature. There is not in this such a *casus omissus* as implies nullity. A bill becoming a law without the Governor's signature must be promulgated as well as one with his signature, and all bills must be promulgated through the office of the Secretary of State. It may not be sacramental, under existing legislation, that he shall state, or add a note, that it became a law without the signature of the Governor, and how it so happened; but we can not say that under all the provisions of the constitution and laws on the subject, that his doing so will destroy the law or prevent a bill in such a contingency from becoming a law.

Whited, Tax Collector, v. Mrs. M. J. Lewis and Husband.

We conclude, therefore, that section 11 of act 81, in the acts of 1873,. is constitutional, and applies to this case.

It is therefore ordered that the judgment appealed from be reversed, and that there be judgment in favor of defendant, with costs in both. courts.

Rehearing refused.