No. 9667.

W. B. COOK, TAX COLLECTOR, AND POLICE JURY OF ST. TAMMANY
vs. THEODORE DENDINGER.

Parishes are vested with the power to tax persons and property in incorporated towns, unless such power is withdrawn by legislative authority.

No legislative act has deprived the parish of St. Tammany of the power to levy such taxation in the town of Madisonville.

The Act 110 of 1880, conferring upon incorporated towns the power of amending their charters, only conferred on them the power to regulate their internal organization and the modes and agencies by which the powers and privileges conferred upon them by law

might be exercised. It did not authorize them, by such amendments, to extend their powers and privileges or to alter or destroy the existing authority of the State or parish over their inhabitants.

Hence, the provisions of the amended charter of Madisonville adopted under that act, prohibiting the imposition of a parish tax or license, is *ultra vires*, null and void.

APPEAL from the Justice Court, First Ward, St. Tammany. *Duporte, J.*

*White & Saunders* and *John Wadsworth* for Plaintiffs and Appellants.

*Thos. C. W. Ellis* for Defendant and Appellee.

The opinion of the Court was delivered by

FENNER, J. The sole question involved in this case is the legality of a license tax imposed by the police jury of the parish of St. Tammany upon the business defendant, who is an inhabitant of the town of Madisonville, conducting his said business within said limits.

It is not disputed that, under the general law of the State, the police juries of parishes are vested with power to tax property and persons within the limits of incorporated towns, unless such power be withheld or withdrawn by express legislative provision. Benefield vs. Hines, 13 Ann. 420; Maurin vs. Smith, 25 Ann. 445; Iberia vs. Chiapella, 30 Ann. 1143.

It is admitted that the legislative charter of the town of Madisonville (Acts of 1852, p. 226) conferred no exemption of its people or property from parochial taxation, and that no other legislative act embodying such exemption has ever been passed.

But in 1880, the Legislature passed Act No. 110 of that year, entitled "An Act prescribing the manner of altering, changing or amending the charters of cities and towns in the State of Louisiana (the city of New Orleans excepted)," which delegated to the people of such towns and cities the power of altering and amending their charters, by a vote thereon taken at special elections held in accordance with regulations prescribed in the act.

Availing themselves of the provisions of this act, the people of the town of Madisonville adopted, in 1883, an amended charter, the only feature whereof with which we are presently concerned is Section 8, declaring: "That the power of the police jury shall cease, so far as respects woods, roads and highways in said town of Madisonville, *and the imposition of a parish tax or license is hereby especially prohibited.*"

This section furnishes the sole foundation for the defendant's contention that the parish license herein claimed is illegal.

Plaintiff opposes this contention on the double grounds:

Tax Collector and Police Jury vs. Dendinger.

1st. That Act 110 of 1880 is unconstitutional;

2d. That, even if constitutional, it does not confer upon towns the power of assuming new and additional privileges, or of taking away from parishes powers hitherto possessed by them, but only to regulate their methods of internal government and the modes in which the privilege conferred upon them shall be exercised.

The case is so clearly with the plaintiff on the second ground that we have no occasion to consider the first.

The towns of the State would, indeed, be "chartered libertines," if, by amending their own charters, they could confer upon themselves indefinite privileges and immunities, and repeal and annul the general laws of the State so far as applicable to them.

The proposition is equally inconsistent with any reasonable construction of the Act of 1880, and with the fundamental principles of the law of corporations.

The act evidently deals with towns as already constituted, with powers and privileges defined and fixed by law, and gives them the power, by appropriate amendments, to regulate their internal organization and the modes and agencies by which these powers may be exercised. It contains no reference whatever to the relations between their inhabitants and the State or parishes, and confers no power express or implied to alter or destroy these relations. The authority to abrogate an existing power of parochial taxation would be so extraordinary a function to confer upon a town that it could be deduced from nothing less than the most express and unambiguous provision of the law. Yet this is what the town of Madisonville claims to have done and to have had the right to do. The powers of municipal corporations can only be derived from direct legislative authority, and are closely limited to the express words of the grant and to necessary implications therefrom, and all reasonable doubts concerning the existence of power are to be resolved against it. Dillon Mun. Corp. § 55, et passim. These principles are of transcendent importance, and it is not to be supposed that the Legislature intended to abrogate them by a sweeping grant of authority to towns to assume whatever powers they please.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed; and it is now ordered, adjudged and decreed that plaintiff have judgment against defendant, Dendinger, for the license taxes claimed, viz: the sum of twenty-dollars, with interest according to law and costs in both courts.