PROVO STY, J.
The city of Monroe was incorporated by Act 102, p. 237, of 1871. This charter was amended by Acts 81, p. 145, of 1873; 37, p. 75, of 1874; 57, p. 99, of 1876; 138, p. 196, of 1888; 128, p. 183, of 1896; and 137, p. 244, of 1898. By Act 47, p. 58, of 1900, a new and complete charter was granted to the city. The amendment by Act 81 of 1873, in its section 11, provided, as follows:
“That all real and personal property within the corporation of * * Monroe, and all persons, firms and corporations within the said corporation be and the same are hereby exempted from all taxes and licenses levied by the parish of Ouachita.”
The validity of this provision was sustained in Whited, Tax Collector, v. Lewis, 25 La. Ann. 568, where it was attacked as being violative of article 118 of the then Constitution (that of 1868), requiring taxation to be equal and uniform throughout the state, and providing that the General Assembly shall have power to exempt from taxation “property actually used for church, school and charitable purposes.”
This exemption provision was left unaffected by the said subsequent amendments, and was incorporated in precisely the same words in section 36 of the said charter of 1900.
In the present suit the police jury of the parish of Ouachita, in which parish the city of Monroe is situated, claims that the Legislature was powerless, under the Constitution of 1898, to grant the said exemption from parish taxation, and asks for a mandamus to the parish assessor to compel him to list the property of said city upon his tax roll for parish taxation.
The reasons assigned for this incapacity of the Legislature are, first, that by article 48 of the Constitution the Legislature is forbidden to pass any special or local law granting an exemption from taxation, and that the charter of a city is a special or local law: second, that by article 225 taxation is required to be equal and uniform within the territorial limits of the authority levying the tax, and taxation would not be equal and uniform within the territorial limits of the *227 parish of Ouachita, if the persons and property within the territorial limits of the city of Monroe were exempted from parish taxation; and, third, that the Legislature is forbidden by article 230 of the Constitution to exempt from taxation any property except as specified in said article, and that the persons and property within cities are not there specified.
[1] Upon the important question thus raised we find it unnecessary to pass; for this exemption does not appear to us to have been granted in 1900, under the Constitution of 1898, but in 1873, under the Constitution of 1S6S, at a time when the provisions here invoked as being limitations on the legislative power did not exist.
The said exemption, thus granted in 1873, was never thereafter modified, and it was not repealed by the act of 1900, since it was reenacted therein in the same words. The repeal and simultaneous re-enactment of a statutory provision is to be construed, not as a new statute, but as a continuation of the old. 36 Cyc. 1084; State v. Brewer, 22 La. Ann. 273, and cases there cited. The purpose of repealing a statute cannot be attributed to the Legislature, when it re-enacts it in the same terms.
[2] In both the act of 1873 and the act of 1900 the exemption is granted on the condition that the city of Monroe shall bear a certain proportion of the parish expenses; and this proportion is made larger in the act of 1900 than it was under the act of 1873; and, from this change, an intention to do away entirely with the act of 1873, and to substitute to it the act of 1900, is sought to be deduced.
No doubt the latter statute takes the place of the former; but because the condition upon which the exemption is granted has been made more onerous is no reason for inferring that the original exemption has been repealed. In so far as the two statutes conflict, the prior is repealed, but no further.
[3] It is next said that the entire ground occupied by the previous charter and its amendments is covered by the act of 1900, and that, therefore these former statutes are repealed. Broussard v. Henderson, 120 La. 535, 45 South. 430;
That rule may serve for showing that such provisions of these former statutes as have not been incorporated in the act of 1900 have been repealed, but not that the provisions which have been retained and perpetuated have been repealed; though even as to the provisions that have not been retained there may be some doubt, for the repealing clause does not profess to repeal all laws upon the same subject-matter, but only laws in conflict. “The doctrine that a statute is impliedly repealed by a subsequent statute, revising the whole matter of the first, does not apply where the revisory statute declares what effect it is intended to have upon the former, as where it provides that it shall operate to repeal all inconsistent or repugnant acts, all acts of a public or general nature, all acts in every case provided for in the Code, or all acts whose subjects are revised, consolidated, or re-enacted in the revision or Code. In such cases only such effect can be given to the revisory act as it directs. The enumerated acts are repealed; all others remain in force.” 36 Oyc. 1081.
[4] We have considered whether the repealing clause of the Constitution of 1879, repealing all laws in conflict, did not have the effect of repealing this exemption, on the assumption of this exemption being inconsistent with the requirement of article 203 of that Constitution that taxation be equal and uniform throughout the territorial limits of the authority levying the tax, and have concluded that, as the act of 1873 granting this exemption was a special law, and the said provision of the Constitution was a general law, there was no repeal. “The principle ‘generalia specialibus non derogant’ is espe *229 dally applicable to cases where general statutes are argued to overrule the provisions of special charters granted to municipal corporations, or special acts passed for their benefit. Of course, where the repugnancy between their provisions is so irreconcilable that no reasonable field of operation for either can be found without trenching on the ground covered by the other, or where the manifest intention of the later enactment is to revise the whole matter covered by disconnected general and special enactments, to furnish a substitute for all, and to introduce a new and exclusive rule upon the subject, the later general provision is to be regarded as repealing the inconsistent earlier one.”
Judgment set aside, and suit dismissed, at plaintiff’s cost.
LECHE, J., takes no part.