22 So.2d 62

**TOWN OF ABBEVILLE v. POLICE JURY
OF VERMILION PARISH et al.**

No. 37559.

March 26, 1945.

N. S. Hoffpauir, Dist. Atty., of Crowley, and Ed. Meaux, Asst. Dist. Atty., of Lafayette, for defendant and appellant.

Felix J. Samson, of Abbeville, for plaintiff and appellee.

PONDER, Justice.

The plaintiff, the Town of Abbeville, brought this suit against the Police Jury, the sheriff and ex officio tax collector and the assessor of the Parish of Vermilion, seeking to annul the four-mill parochial tax levied by the Police Jury of Vermilion Parish for the year 1942 upon properties within the limits of the Town of Abbeville. In the alternative, the plaintiff asked for the tax to be declared excessive and unconstitutional to the extent of two mills if the court should hold section 6 of Act 103 of 1850 ineffective. The defendant answered, setting forth various grounds why the tax should be upheld. Upon trial, the lower court gave judgment, annulling the tax upon the properties located in the Town of Abbeville, and the defendant Police Jury appealed.

The judgment of the lower court is predicated on sec. 6 of Act 103 of 1850 and sec. 7 of Article XIV of the Constitution of 1921 which provide as follows:

"Be it further enacted, etc., that the Police Jury of the Parish of Vermilion shall no longer have or exercise any jurisdiction within the aforesaid limits of the Town of Abbeville, except it be over any property belonging to the Parish; provided, that whenever it shall be necessary to levy a tax for the purpose of building a court house and jail of said parish, the property within said Town shall be equally taxed with the property of the Parish, generally; and provided, further, that the Police Jury shall have the right to include the Town of Abbeville, along with other territory adjoining thereto, into any road district, for the purpose only of constructing and maintaining hardsurfaced roads or highways in such district and to incur debt and issue negotiable bonds in the name of such district within the limitations and conditions contained in the Constitution, and that the Police Jury of the Parish of Vermilion shall have the right to include all of the properties within the corporate limits of the Town of Abbeville, Louisiana, for any tax levy voted for the purpose of maintaining and operating a parish wide public library, within and for the Parish of Vermilion, Louisiana; and no tax shall be imposed upon the Town of Abbeville by the Police Jury of the Parish of Vermilion, Louisiana, except for the building or repairing of a court house or jail, or constructing or maintaining roads as herein set forth or for maintaining and operating of a parish wide public library, as herein set forth." Sec. 6 of Act 103 of 1850, as amended.

"Whenever the legislative charter of any city or town, other than the city of Monroe, shall have withdrawn the same, in whole or

in part, from the taxing jurisdiction of the parochial authority, no provision of this Constitution shall be construed to affect or repeal such partial or total withdrawal." Article XIV, sec. 7, La.Const. of 1921.

Counsel for the appellant contends that the judgment of the lower court is erroneous and that the police jury had ample authority to impose the tax on the property in the Town of Abbeville under the provisions of sec. 11 of Article XIV of the Constitution, and Act 88 of 1921, Ex.Sess.

■ Act 88 of 1921, Ex.Sess., authorizes the parishes, Orleans excepted, to levy a tax not to exceed four mills on the dollar of the assessed valuation of the taxable property within their respective territorial limits to defray the expenses of parochial government and for parochial purposes.

Counsel contends that the clause in section 11 of Article XIV of the Constitution, "This limitation shall not apply to nor include any other tax levy elsewhere provided in this Constitution," contemplates and provides that the stipulations of sec. 7 of Article XIV of the Constitution do not apply to the parochial alimony tax. He suggests that a holding to the contrary would bring into question the constitutionality of Act 88 of 1921, Ex.Sess., the enabling act to section 11 of Article XIV of the Constitution, which authorizes the parishes to levy the alimony tax on the taxable property within their respective territorial limits. He relies on the decision of Union Sulphur Co. v. Parish of Calcasieu, 153 La. 857, 96 So. 787.

We do not agree with counsel that the clause, "This limitation shall not apply to nor include any other tax levy elsewhere provided in this Constitution," can be so interpreted. This clause means exactly what it says; namely, the limitation does not apply to nor include any other tax levy provided for elsewhere in the Constitution. It has no application to sec. 7 of Article XIV of the Constitution for the reason that sec. 7 of Article XIV does not provide for the levying of any tax, but, on the contrary, recognizes the legislative withdrawal of certain property from the taxing powers of the parishes.

Act 88 of 1921, Ex.Sess., contemplates the imposition of the alimony tax on "taxable property," in other words, property that might be legally taxed. It could have no application to property withdrawn from such taxes. The power of the parish to tax the property was conferred by the Legislature, and the exercise of that power is curtailed by a provision in the legislative charter of the Town of Abbeville. The provision in the legislative charter of the Town of Abbeville does not exempt the property from taxation but simply limits and restricts it to the taxing power of one of the two corporations. It merely withdraws the property in the Town of Abbeville to the extent provided for from the taxing power of the policy jury. The police jury must exercise its delegated power in conformity with the Constitution and laws of the State. The Town of Abbeville must do the same within its limits. The Legislature conferred the power of imposing the alimony tax on the property located in the parish and unquestionably had the right to withdraw or modify that dele-

gation as to each or both. Whited v. Lewis, 25 La.Ann. 568.

This court has recognized the validity of provisions in legislative charters of municipalities which withdrew property in such localities from the payment of the alimony tax in the following cases: Bernard Marigny v. G. R. Carradine, 19 La.Ann. 99; Whited v. Lewis, supra; W. B. Cook, Tax Collector, and Police Jury of St. Tammany v. Theodore Dendinger, 38 La.Ann. 261; State ex rel Police Jury of Ouachita Parish v. Hanna, 142 La. 224, 76 So. 619. The tax sought to be levied herein was levied under the provisions of Act 88 of 1921, Ex.Sess., which is a general law.

■ Section 6 of Act 103 of 1850 is a special law. It is well settled that a general statute does not have the effect of repealing a special law unless the intent to repeal is so plain and evident that it cannot be doubted. Garrett, Blanks v. Thomas Y. Aby, 47 La.Ann. 618, 17 So. 238; Welch v. Gossens, 51 La.Ann. 852, 25 So. 472; New Orleans & Carrollton Railroad Co. v. The City of New Orleans, 34 La.Ann. 429; Cumberland Telephone & Telegraph Co. v. Morgan's Louisiana & T. R., 112 La. 287, 36 So. 352; State ex rel Day v. Rapides Parish School Board, 158 La. 251, 103 So. 757; Third District Land Co., Ltd. v. Geary, 185 La. 508, 169 So. 528; Mouledoux v. Maestri, 197 La. 525, 2 So.2d 11; State v. Theard, 203 La. 1026, 14 So.2d 824.

Section 6 of Act 103 of 1850 has not been expressly repealed, and there is no language used in Act 88 of 1921, Ex.Sess., to indicate any intention on the part of the Legislature to repeal such statute. It

would appear that the phrase "taxable property" employed in Act 88 of 1921, Ex. Sess., was advisedly inserted in that statute in order not to conflict with statutes withdrawing certain property from the taxing jurisdiction of the parishes.

■ All laws are presumed to be passed with deliberation, and it is only reasonable to conclude that the Legislature did not intend to abrogate any prior law unless there was some language used conveying such intention. If the acts can be reconciled by a fair and reasonable construction, it must be done.

■ Section 7 of Article XIV of the Constitution recognizes and approves the withdrawal of property in cities and towns by legislative charter from the taxing jurisdiction of the parochial authorities, and specifically provides that no provision of the Constitution could be construed to affect or repeal such withdrawal. Certainly, section 11 of this Article of the Constitution could not be construed so as to repeal such withdrawal.

It is not necessary for us to pass on the question of whether the Legislature could repeal section 6 of Act 103 of 1850 without doing violence to the Constitution for the reason that it has not sought to do so. Act 88 of 1921, Ex.Sess., provides for the imposition of the tax on taxable property, in other words, property that might be legally taxed and not that specially withdrawn from the tax sought to be imposed.

In the Union Sulphur Co. case, supra, this Court overruled the holding in the case of Billeaud v. Police Jury of Parish of

Lafayette, 141 La. 957, 76 So. 161. The question presented in the Union Sulphur Co. case, supra, was whether a withdrawal from parish taxation in a legislative charter of a city prevented the parish from imposing special taxes under the provision of Act 68 of 1921 to build and operate navigable canals when authorized by vote of the taxpayers of the parish. The Billeaud case held that the police jury of Lafayette Parish could not impose a special tax for the purpose of constructing a system of roads and highways in the parish upon the property within the city of Lafayette after it had been voted for by the people of the parish. It was pointed out in the Union Sulphur Co. case, supra, that the decision in the Billeaud case was erroneously grounded on cases involving the ordinary alimony taxes of the parish. This Court did not overrule those authorities. The holding in the Union Sulphur Co. case, supra, merely goes to the effect that a different rule applies where the tax is imposed by authority of the vote of the taxpayers for the construction of canals and highways. A mere reading of the opinion handed down in that case shows that the decisions holding that the parish cannot levy the alimony tax on property in cities and towns which has been withdrawn by legislative charter from the general taxing powers of the parish are approved and not overruled.

■. Counsel contends that a holding to the effect that the alimony tax could not be imposed upon the property in the Town of Abbeville would violate the uniformity and equality of taxation.

The answer to this contention is that this Court held in Whited v. Lewis, supra, that a legislative withdrawal of property from the taxing powers of the parish does not violate the uniformity and equality of taxation.

Counsel contends that section 11 of Article XIV of the Constitution is a later expression of the lawmakers than section 7 of that article of the Constitution, and that the later expression of the law making body must govern

We have pointed out heretofore that section 7 and section 11 of Article XIV of the Constitution deal with different subject matters which do not conflict.

■ Counsel contends that inasmuch as the Town of Abbeville has subsequently amended its charter under the provisions of Act 136 of 1898, known as the Lawrason Act, all of the provisions of the Lawrason Act should govern with respect to parochial jurisdiction and taxation.

A casual reading of section 40 of the Lawrason Act reveals that it does not apply except where a majority vote of the electors places the municipality under the operation of the act. This was not done.

This Court has held on more than one occasion that a municipality incorporated by special legislative act and whose charter has been specially amended under the Lawrason Act is incorporated under the special act and does not come within the provisions of the Lawrason Act. Wachsen v. Commission Council of Lake Charles, 162 La. 823, 111 So. 177; Browne v. Providence,

114 La. 631, 38 So. 478; St. Martinsville v. Dugas, 158 La. 262, 103 So. 761.

The appellant seeks in its brief to attack the constitutionality of Act 103 of 1850. No plea attacking the constitutionality of this act was interposed in the trial court or in this Court. Since the constitutionality of the act was not pleaded, it cannot be considered. Mouledoux v. Maestri, 197 La. 525, 2 So.2d 11.

For the reasons assigned, the judgment of the trial court is affirmed at appellant's cost.