Dear Mr. Austin:
The Office of the Legislative Auditor has requested an Attorney General's Opinion regarding parcel fees levied by fire protection districts and contributions to the compensation of assessors. As stated in the request received from Mr. Robert E. Harroun, III, formerly of your office, your questions are raised in light of R.S. 47:1906(A), which provides that all recipients of taxes shall contribute to the salary and expense funds of the assessors "in accordance with the amount of taxes received by each".
Your office has presented the following specific issues for our review:
 (1) Do the annual parcel fees charged for fire protection services constitute a tax?
 (2) Are parcel fees subject to deductions for Assessor's Salary and Expense Funds?
Regarding the first issue, our research reveals that R.S.40:1505, which authorizes fire protection districts to impose parcel fees, provides in pertinent part:
 "A. (1) Each district may levy and collect a parcel fee within the boundaries which shall not exceed one hundred dollars per parcel per year, which parcel fee shall be imposed by resolution or ordinance of the governing authority of the district only after the question of imposition of the parcel fee and the purpose, rate, and duration of the parcel fee has been approved by a majority of the voters of the district voting at an election held therein. . . . Any parcel fee imposed pursuant to this Section shall be levied and collected and be due and owing annually. Such fee may be carried on the tax rolls for the parish in which such district is located and collected at the same time as parish ad valorem taxes." (Emphasis added)
In Acorn v. City of New Orleans, 377 So.2d 1206 (La. 1979), the Supreme Court classified a parcel fee as a "specific tax". In pertinent part, the Court stated:
 "Duties are either ad valorem or specific; the former when the duty is laid in the form of a percentage on the value of the property; the latter where it is imposed as a fixed sum on each article of a class without regard to its value.
* * *
 "The [parcel fee] tax under consideration here is clearly not levied according to the valuation of the property taxed; it is a specific tax and not an ad valorem tax." (Emphasis added)
In accordance with the decision of the Louisiana Supreme Court in Acorn, it is the opinion of this office that a parcel fee is a "specific" tax.
Turning to the second issue presented, we note that R.S.47:1906(A), which provides for the establishment of the Assessors' Salary and Expense Funds, states:
 "There shall be a fund for the payment of the salaries and allowances of the assessors, and all recipients of taxes, whether state, parish, school, levee, drainage, or others, shall contribute their full proportion of the total due in accordance with the amount of taxes to be received by each. The pro rata due the assessor's salary and expense allowance, except exempted municipalities, shall be remitted direct to the assessor by the sheriff and ex officio tax collector from the first collections when the tax rolls are filed each year, and prorated among the state, parish, school, levee drainage and other recipients of taxes in proportion to the amount of taxes to be received by each.
We assume that your questions in this regard are raised in light of the distinction between `ad valorem' taxes and `specific' taxes, such as parcel fees.
In that regard, we note that R.S. 47:1906(A), which provides for the funding of the Assessors' Salary and Expense Funds, was enacted in the year 1928, over fifty years before the Acorn decision was rendered. As such, the legislature may not have contemplated, at that time, that such deductions would be made from parcel fees. However, R.S. 40:1505, the statute that provides for the collection of parcel fees, was enacted nine years after the Acorn decision was rendered, and the legislature, in enacting R.S. 40:1505, is presumed to have done so with full knowledge of the provisions of R.S. 47:1906. Town of Abbeville v. Police Jury of Vermilion Parish, 22 So.2d 62, (La. 1945).
If the legislature had intended fire protection district parcel fees to be exempt from deductions for Assessors' Salary and Expense Funds, it could have so provided in R.S. 40:1505. We also point out that with regard to other deductions from taxes, such as those made for statewide public retirement systems, the legislature has seen fit to specifically limit such deductions to `ad valorem' taxes. See Attorney General's Opinion 91-116.
Based upon the foregoing, it is our opinion that the parcel fees of fire protection districts are subject to deductions for Assessors' Salary and Expense Funds, if said fees are "carried on the tax rolls for the parish in which said district is located", in accordance with R.S. 40:1505. If the parcel fees are not carried on the parish tax rolls, it is our opinion that same would not be subject to such deductions.
We trust this adequately responds to your inquiry. Please do not hesitate to contact us if we can be of further assistance.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: JEANNE-MARIE ZERINGUE Assistant Attorney General
RPI:JMZ:jav 313n