Dear Mr. Rombach:
Reference is made to your request for an opinion of this office regarding the Riverboat Gaming Enforcement Fund ("the Fund"), which is provided for at L.S.A.- R.S. 27:92. As your letter notes, controversy regarding the Fund arose when the Division of Administration required the Department of Public Safety ("DPS"), at the close of the 1998-99 fiscal year, to return $5.1 million in unexpended riverboat funds to the state general fund.
Your letter notes an "apparent contradiction" between L.S.A.-R.S. 27:92
and L.S.A.-R.S. 39:82 (E), with regard to riverboat gaming funds. On the one hand, L.S.A.-R.S. 27:92 (C) states that monies in the Fund shall be withdrawn only pursuant to appropriation by the legislature and used only for specifically listed uses. Notably, one of the authorized uses of the Fund is ". . . expenses of the office of state police." L.S.A.-R.S. 27:92
(C)(6).
On the other hand, L.S.A.-R.S. 39:82 (E) requires state agencies such as DPS, which operate partly on dedicated funds and partly from appropriations, to expend all dedicated funds prior to exhausting appropriated state general fund monies. L.S.A.-R.S. 39:82 pertinently provides:
 "A. All cash balances occurring from appropriations made by legislative act or by the Interim Emergency Board regardless of date of passage to any state agency for which no bona fide liability exists on the last day of each fiscal year shall be remitted to the state treasurer by the fifteenth day following the last day of the fiscal year . . .
 * * *
 D. No state agency receiving an appropriation in the general appropriations act shall obligate any such funds except as provided for in this Section after the close of business on the last day of each fiscal year.
 E. All agencies operating partly on dedicated funds and partly from an appropriation made herein from the state general fund shall remit to the state general fund any surplus available at the close of each fiscal year after applying all dedicated receipts; however, the maximum of such remittances to the state general fund shall not exceed the amount withdrawn from the state general fund during the fiscal year." (Emphasis added).
The undersigned has had the opportunity to discuss this matter with Mr. Ray Dawson, Assistant Secretary of DPS. This office was advised that from the 1993-94 fiscal year through the 1997-98 fiscal year, DPS has "carried forward" surplus funds remaining in the Fund at the end of each fiscal year. We were further advised that at the close of the 1998-99 fiscal year books, as in past years, a surplus remained in the Fund. As in past years, DPS programmed that surplus into its 1999-2000 budget and reported the funds.
However, in 1999, the Division of Administration advised DPS that pursuant to L.S.A.-R.S. 39:82, the 1998-99 surplus would be withdrawn from the Fund for use as state general funds, thus preventing DPS from utilizing the surplus during the current fiscal year.
According to Mr. Dawson, DPS takes the position that in accordance with L.S.A.-R.S. 27:92 (C), monies in the Fund can only be utilized for the specific purposes set forth therein (which, as noted previously, include "expenses of the office of state police") and can only be withdrawn from the Fund pursuant to legislative appropriation. Thus, it is DPS's position that the Division of Administration cannot consider a surplus remaining in the Fund at the end of a fiscal year to be general fund money, even though L.S.A.-R.S. 39:82 indicates otherwise. DPS takes the position that L.S.A.-R.S. 27:92 is a specific exception to the general rule provided by L.S.A.-R.S. 39:82 (E).
The undersigned has been able to discuss this matter with Mr. Whitman Kling, Deputy Undersecretary of the Division of Administration. According to Mr. Kling, the Division never authorized DPS to "carry forward" funds remaining in the Fund at the end of any fiscal year. Rather, when the existence of the surplus became known to the Division, DPS was advised that the surplus would be handled in accordance with the mandate of L.S.A.-R.S. 39:82.
This office has examined the provisions of both L.S.A.-R.S. 39:82 and L.S.A.-R.S. 27:92. Based upon that examination, and consideration of the rules of statutory construction noted below, it is the opinion of this office that if the legislature had intended for funds remaining in the Fund at the end of each fiscal year to remain in the Fund, it could have so stated.
We note that L.S.A.-R.S. 39:82 itself contains exceptions to the general rules set forth therein. Exceptions are made for funds to be annually retained by particular agencies as follows: (a) colleges and universities with preventative maintenance programs in accordance with the provisions of L.S.A.-R.S. 17:3386 (see 39:82H); (b) funding received by public vocational-technical schools required pursuant to L.S.A.-R.S. 27:93 (see 39:821); and (c) retention of unexpended funds in accordance with the provisions of L.S.A.-R.S. 28:26 by the Office of Mental Health, Department of Health and Hospitals (see 39:82J).
Furthermore, Louisiana's Revised Statutes are replete with examples of statutorily dedicated funds, the majority of which were created after the passage of L.S.A.-R.S. 39:82, which contain specific language to the effect that money in those funds, at the close of each fiscal year, shall remain therein. To name only a few, we direct your attention to the Louisiana Agricultural Finance Authority Fund, L.S.A.-R.S. 3:277; the Rural Development Fund, L.S.A.-R.S. 3:322; the Boll Weevil Eradication Fund, L.S.A.-R.S. 3:1615; the DNA Detection Fund, L.S.A.-R.S. 15:619; and the Youthful Offender Management Fund, L.S.A.-R.S. 15:921. Funds with similar provisions include the Alternative Schools Fund, L.S.A.-R.S.17:7.6; the School and District Accountability Fund, L.S.A.-R.S. 17:10.3; the Teacher Supplies Fund, L.S.A.-R.S. 17:354; the Teacher Preparation Loan Fund, L.S.A.-R.S. 17:3042.8; and the Louisiana University Faculty Incentive Program, L.S.A.-R.S. 17:3129.5.
Your attention is also directed to the Administrative Fund of the Department of Insurance, L.S.A.-R.S. 22:250.10; the Legal Support Fund, L.S.A.-R.S. 30:136.2; the Compulsive and Problem Gaming Fund, L.S.A.-R.S.28:842; the Oil Spill Contingency Fund, L.S.A.-R.S. 30:2483 and the Keep Louisiana Beautiful Fund, L.S.A.-R.S. 30:2532. You may also wish to examine the provisions of law pertaining to the Concealed Handgun Permit Fund, L.S.A.-R.S. 40:1379.3.1; the Public Safety DWI Testing, Maintenance, and Training Fund, L.S.A.-R.S. 40:1379.7; the Archeological Curation Fund, L.S.A.-R.S. 41:1615; the Literacy Fund, L.S.A.-R.S. 47:120.33; and the Scenic Rivers Fund, L.S.A.-R.S. 56:1844.
In the absence of clear and specific language authorizing a state agency to retain unexpended monies in a particular fund at the end of each fiscal year, it is the opinion of this office that such funds must be treated in accordance with L.S.A.-R.S. 39:82. Accordingly, it is our opinion that the unambiguous mandate of L.S.A.-R.S. 39:82 requires DPS to return to the general fund any surplus funds remaining in the Fund at the close of each fiscal year, including the 1998-99 fiscal year, in an amount not to exceed the general fund monies withdrawn from the general fund by DPS during that fiscal year.
Our opinion in this regard is based upon the following rules of statutory construction:
When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature. L.S.A. CC Art. 9. It must be presumed that laws are passed with deliberation and with full knowledge of all existing laws on the same subject. City of New Orleans v. Board of Sup'rs of Elections for Parish of Orleans,43 So.2d 237 (La. 1950); State v. Shushan, 19 So.2d 185 (La. 1945). All laws are presumed to have been passed with deliberation, and it is reasonable to conclude that the legislature did not intend to abrogate prior law, in absence of language conveying such intention in a later act. Town of Abbeville v. Police Jury of Vermilion, 22 So.2d 62 (La. 1945).
We trust the foregoing to be of assistance, and hope that you will not hesitate to contact us if we can provide assistance in other areas of the law.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: __________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
RPI:JMZB:jv xc: Whitman Kling, Division of Administration Ray C. Dawson, Department of Public Safety