Dear Mayor Piazza and Mr. Moresi:
You have both requested opinions from this Office related to the taxing authority of the Vermilion Parish Police Jury ("VPPJ") over certain properties within the limits of the City of Abbeville. Because you have both posed essentially the same questions from different perspectives, we have consolidated your opinion requests for the purposes of a response.
The specific question presented by the City of Abbeville[1] is:
May the [VPPJ] levy a parochial tax upon properties within the limits of the City of Abbeville for a flood prevention project?
The specific questions presented by the VPPJ[2] are:
1. May the [VPPJ] call for an election for the consideration of imposition of an ad valorem tax to include properties within the municipal limits of [the] City of Abbeville, if said tax is for general purposes? *Page 2 
2. May the [VPPJ] call for an election for the consideration of imposition of an ad valorem tax to include properties within the municipal limits of [the] City of Abbeville, if said tax is for special purposes, like the one under consideration?[3]
3. If the answer to either or both of the questions above is yes, must the City Council of the City of Abbeville consent to the election?
Based upon these questions and our review of the applicable law, we offer the following analysis and conclusion.
By Act 103 of 1850, the Louisiana Legislature created the City of Abbeville as a chartered municipality. Under this authority, the City then adopted a City Charter ("Charter") setting forth its basic legal structure. Of particular import to the current opinion is Section 6 of the Charter, [4] which reads:
The police jury of the Parish of Vermilion, shall no longer have or exercise any jurisdiction within the aforesaid limits, except it be over any property belonging to the parish, provided that whenever it shall be necessary to levy a tax for the purpose of building a courthouse and jail of said parish, the property within said city shall be equally taxed with the property of the parish generally, and provided further, that the police jury shall have the right to include the City of Abbeville, along with other territory contiguous thereto, into any road district, for the purpose only of constructing and maintaining hard-surfaced roads or highways in such district and to incur debt and issue negotiable bonds in the name of such road district within the limitations and conditions contained in the constitution, and that the police jury of the Parish of Verrnilion shall have the right to include all of the properties within the corporate limits of the City of Abbeville, Louisiana, for any tax levy voted for the purpose of maintaining and operating a parish wide public library within and for the Parish of Vermilion, Louisiana, and no tax shall be imposed upon the City of Abbeville by the police jury of the Parish of Vermilion, Louisiana, except for the building or repairing of a courthouse or jail, constructing or maintaining of hard-surfaced roads as herein set forth or for the maintaining and operation of a parish wide public library as herein set forth. *Page 3 
In 1921, by enacting the Louisiana Constitution of 1921, the people of Louisiana ratified Section 6, as was succinctly noted by the Louisiana Supreme Court in Town of Abbeville v. Vermilion ParishPolice Jury, 22 So.2d 62, 63 (La. 1945). In that matter, the Court identified the following language of the 1921 Constitution as particularly important:
Whenever the legislative charter of any city or town, other than the city of Monroe, shall have withdrawn the same, in whole or in part, from the taxing jurisdiction of the parochial authority, no provision of this Constitution shall be construed to affect or repeal such partial or total withdrawal.[5]
The concept embodied in this constitutional provision was continued in the 1974 Louisiana Constitution by La.Const. Art. VI, Sec. 26(D). The latter provision states:
This Section shall not affect the withdrawal of property in a municipality from parish taxing authority, in whole or in part, by a provision of the legislative charter of a municipality in effect on the effective date of this constitution.[6]
In the Town of Abbeville, the Court determined that the above-quoted (1921) language exempted property within the City from any taxes levied by Vermilion Parish that did not fall under the specific exemptions set forth in the Charter.[7] This decision has not been overruled, either judicially or legislatively in the 75 years since its issuance. Thus, it remains good law today and it is the opinion of this Office that the decision stands for the proposition that property within the City may not be taxed by the Parish of Vermilion ("the Parish"), in this case, acting through the VPPJ, for anything except the construction of a courthouse or jail, the construction or maintenance of hard-surfaced roads, or the maintaining and operating of a public library.[8]
Based upon the above analysis, the City's question of "May the [VPPJ] levy a parochial tax upon properties within the limits of [the] City of Abbeville for a flood *Page 4 
prevention project?" must be answered in the negative. It is the opinion of this Office that "flood prevention projects" do not fall within the ambit of the construction of a courthouse or jail, the construction or maintenance of hard-surfaced roads, or the maintaining and operating of a public library. Thus, it is further our opinion that owners of properties located within the City cannot be compelled to pay ad valorem taxes for "flood prevention projects" levied by the Parish or the VPPJ.
As to the question posed by the VPPJ asking "May the [VPPJ] call for an election for the consideration of imposition of an advalorem tax to include properties within the municipal limits of [the] City of Abbeville, if said tax is for general purposes?" our answer is also in the negative. It is our opinion that, under theTown of Abbeville decision and the clear language of Section 6, "general purposes" do not meet the qualifications for allowable parochial taxes on property within the City limits. Once again, we defer to the language of Section 6, which has been constitutionally protected, [9] which allows for the Parish to levyad valorem taxes upon property located within the City for only the enumerated purposes of the construction of a courthouse or jail, the construction or maintenance of hard-surfaced roads, or the maintaining and operating of a public library.
As to the question posed by the VPPJ asking "May the [VPPJ] call for an election for the consideration of imposition of an advalorem tax to include properties within the municipal limits of [the] City of Abbeville, if said tax is for special purposes, like the one under consideration?" our answer is a qualified "yes". So long as the ad valorem "tax for special purposes" on property located within the City is consistent with those permitted by Section 6 (i.e., the construction of a courthouse or jail, the construction or maintenance of hard-surfaced roads, or the maintaining and operating of a public library), it is our opinion that such a tax would be permissible if properly enacted by the Parish or the VPPJ. In this sense, it is our opinion that Section 6 and the Louisiana Constitution do not preclude such a tax. However, our opinion is "qualified" in the sense that the remainder of the VPPJ's question asks whether such a tax may be levied for projects "such as the one under consideration" (i.e., "for the acquiring, construction, and improving levees, dykes, drainage canals and drainage works"). We have already opined that such uses do not comport with the enumerated allowable advalorem taxing authority for the Parish or the VPPJ for property located within the City. Accordingly, it is our opinion that, although a "special tax" may be permissible under Section 6, it must be for one of the enumerated allowable purposes — categories into which it is our opinion that levee and drainage works do not fall. *Page 5 
Finally, as to the VPPJ's third question, "If the answer to either or both of the questions above is yes, must the City Council of the City of Abbeville consent to the election?", we note that Section 6 is silent in this regard. Further, we are not aware of, nor can we find any legal authority requiring the consent referred to above. For this reason, we are of the opinion that, should the VPPJ or the Parish levy an ad valorem tax that does comport with the enumerated allowable purposes noted in Section 6, consent of the City Council of the City of Abbeville is not required before such a levy is made.
One matter that has arisen since the time of the original requests for this opinion is whether the City can consent to an election by the VPPJ that does not comport with the enumerated allowable purposes for taxing discussed above. Again, there is no specific law on this issue as it applies to the very unique circumstances of this matter. Because this would be a question of whether to consent to a new tax, it is not a matter that could be unilaterally consented to by the City Council alone.[10] Rather, such a decision would require voter approval.[11] Therefore, it is our opinion, considering the law regarding special taxes generally, that the City could call a vote of its electorate on the question of whether to subject itself to a tax on one of the nonenumerated allowable purposes such as the tax at issue herein.[12]
Alternatively, the City could call a vote to directly consider implementing a City-wide tax analogous to that proposed by the VPPJ. If this tax passed, the City and the VPPJ could then coordinate, by way of a memorandum of understanding or similar instrument, to ensure that the use of both the City and VPPJ tax revenues are aimed at accomplishing the same goal.
At the request of the VPPJ, we have also reviewed the applicability of Union Sulpher Co. v. Parish of Calcasieu,96 So. 787 (La. 1923) to the current matter. Although, at first glance, that case would seem to make a distinction between parishes and police juries such that a police jury levying a tax would not be synonymous with a parish-levied tax, thus allowing the VPPJ to levy the tax at issue herein on property within the City, we do not believe that to be the holding of the case and we decline to opine that such a distinction exists in the current scenario. In fact, virtually identical language exists in Section 6 as was at issue inUnion Sulpher. The convergent language of these two key provisions leads us to opine that, as was the result in UnionSulpher, so should be the result in this situation: the VPPJ is not authorized to levy ad valorem taxes on the City outside of the specifically enumerated purposes detailed above. *Page 6 
Finally, we would be remiss if we did not at least mention a recent enactment of the Louisiana Legislature. Act 1008 of the 2010 Louisiana Regular Legislative Session creates the Chenier Plain Coastal Restoration and Protection Authority ("CPCRPA"). This law encompasses, within the geographical limits of the CPCRPA, the entirety of Vermilion Parish, including the City of Abbeville.[13] The CPCRPA is authorized to assess property taxes,
. . . to establish, construct, operate, or maintain flood control works as they relate to hurricane protection, tidewater flooding, saltwater intrusion, and conservation. As a secondary duty, the [CPCRPA] shall have the power to establish flood control, adequate drainage relating to tidal or riverine flooding, and water resources development . . .[14]
It is important to note that, in our opinion, the CPCRPA does not fall under the taxing proscription provided for the City by Section 6, as elucidated in the Town of Abbeville decision. Under Section 6, only the VPPJ and the Parish are restricted from levying ad valorem taxes for nonenumerated purposes. As the Louisiana Supreme Court pointed out in both the Town ofAbbeville decision[15] as well as the Union Sulpher
decision, [16] the proscribed taxing authority was specific to the entity identified in the relevant charters. The CPCRPA is neither identified in the City Charter nor is it a creation of the entities identified in that Charter (i.e., the VPPJ or the Parish). Thus, under the Louisiana Supreme Court's rulings in these two cases, it is our opinion that the Section 6 property tax exemption is inapplicable to the CPCRPA. Accordingly, this newly-created entity may levy taxes, as authorized by law for its enumerated purposes, and it is not forbidden from levying such taxes on property located with the City limits.
We hope this sufficiently answers your inquiry; however, if we may be of further assistance please do not hesitate to contact our office.
Sincerely yours,
JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
By: __________________________ Ryan M. Seidemann Assistant Attorney General
JDC/RMS/tp
[1] As presented and represented by Mayor Piazza. The Mayor's position and questions are hereinafter presented as those of the City of Abbeville or "the City".
[2] As presented and represented by ADA Paul G. Moresi, III. The position and questions presented by Mr. Moresi, on behalf of the VPPJ are hereinafter presented as those of the VPPJ.
[3] The "one under consideration" in the VPPJ's request is a "property tax for the acquiring, construction, and improving levees, dykes, drainage canals and drainage works". VPPJ Request Letter at 1.
[4] Section 6 is now codified at Abbeville Code of Ordinances, Part I, Sec. 6. This Section, hereinafter referred to as "Section 6" is a virtual verbatim copy of the language contained within Section 6 of Act 103 of 1850.
[5] La.Const. 1921, Art. XIV, Sec. 7.
[6] La.Const. Art. VI, Sec. 26(D).
[7] Town of Abbeville, supra, at 64.
[8] In this vein, we note that the law providing for the taxation that is the subject of this request, La.R.S. 39:562(N), looks to the Parish to levy that tax. It is precisely this parish-level levy that the Louisiana Supreme Court determined was not permissible under Section 6 in Town of Abbeville, supra. This is an important point, as with the Chenier Plain Coastal Restoration and Protection Authority, discussed infra, it is the taxing authority that controls whether such a tax is forbidden by Section 6. The tax in La.R.S. 39:562(N) is to be levied by the Parish, which is not permissible under Section 6. However, pursuant to Town of Abbeville, supra, nonparochial taxing authorities such as the Chenier Plain Coastal Restoration and Protection Authority and special law enforcement districts created by La.R.S. 33:9001, et seq., may exercise taxing power over the City without running afoul of Section 6.
[9] Per La.Const. 1921, Art. XIV, Sec. 7. See Town ofAbbeville, supra. This "protection" has been continued by La.Const. Art. VI, Sec. 26(D).
[10] La.Const. Art. VI, Sec. 32.
[11] Id. See also La. Atty. Gen. Op. No. 98-287;Louisiana A. R. Co. v. School Board of Webster Parish,103 So. 318 (La. 1925).
[12] This opinion is based on the premise that, although the City is protected by constitutional fiat from the levying of a tax by the Parish or an instrumentality of the Parish that does not conform to the above-discussed enumerated allowable purposes, there is a constitutionally-permitted process for the calling of an election to impose new taxes. Thus, it would not be an abridgement of the protections embodied in Section 6 if the voters opted to subject themselves to a new tax under the constitutional provisions setting forth such a procedure.
[13] La.R.S. 38:291(AA)(1).
[14] La.R.S. 38:329.5(C)(1).
[15] Town of Abbeville, supra, at 64.
[16] Union Sulpher, supra, at 788.