62 So.2d 92

**CHAPPUIS v. REGGIE.**

No. 41010.

Nov. 10, 1952.

Chappuis & Chappuis and C. L. Chappuis, Crowley, Mouton, Champagne & Colomb, Welton P. Mouton and Patrick L. Colomb, Lafayette, and Philip J. Chappuis, II, in pro. per., for plaintiff-appellant.

Davidson & Meaux and J. J. Davidson, Jr., Lafayette, for defendant-appellee.

FOURNET, Chief Justice.

The plaintiff, Philip J. Chappuis, II, having received a commission as Judge of the Crowley City Court on June 30, 1952, and been administered the oath of office, following Senate confirmation of his nomination by Governor Robert F. Kennon, and availing himself of the provisions of LSA–R.S. 18:1301–1303 and LSA–R.S. 42:71–86, made demand upon the defendant, Edmund M. Reggie, that he relinquish the appurtenances of office and desist from further exercising the functions of judge of that court. The defendant resisted plaintiff's demands on the ground that he, Reggie, was the duly qualified Judge of the Crowley City Court, having been appointed to fill the vacancy created in that office by the death, in November, 1950, of the former incumbent, Judge Denis T. Canan; that his was a recess appointment by former Governor Earl K. Long, pursuant to which he had been commissioned, had qualified and entered upon the duties of the office on November 21, 1950; and that by virtue of a constitutional amendment adopted in November, 1950, which became effective after he entered upon his duties, providing that judges of city courts "now in office * * * shall remain in office until the 31st day of December, 1954", Art. 7, Sec. 51, see Act No. 564 of 1950, he had been continued or "frozen" in office until that date; in the alternative, if it be held that defendant is not the duly qualified judge, then he averred that the attempted appointment and qualification of the plaintiff is null and of no effect, that the office of Judge of the Crowley City Court is vacant, and must be filled by election.

The trial judge, in a well-considered opinion, maintained defendant's alternative plea and dismissed plaintiff's suit. The plaintiff prosecutes this appeal, and the defendant, in answer to the appeal, is now urging the correctness of the lower court's ruling; but in the event we should hold the trial judge was in error, he reurges his main defense.

At the outset the plaintiff-appellant submits that he has established a prima facie right to the office in dispute by presenting his commission, issued after appointment and confirmation by the Senate, such right being specifically accorded by LSA–R.S. 18:1301; that upon such prima facie show-

ing the burden then shifted to the defendant to show why he should remain in office —which burden the latter could not sustain, his name admittedly never having been submitted for confirmation and his commission having expired at the end of the legislative session in 1952, Art. 5, Sec. 12, La. Const. of 1921; that the defendant is therefore at most a de facto officer who cannot be heard to contest the legality of plaintiff's title, and judgment should be forthwith rendered in plaintiff's favor.

■ The fact that defendant was unsuccessful below in establishing the legality of his own title cannot serve to impart validity to the plaintiff's muniment of title if, after examination, such requisite is found to be lacking. It is well settled that in proceedings such as this, the issue to be determined is title to the office, Blessing v. Levy, 214 La. 856, 865, 39 So.2d 84, and that after the plaintiff has exhibited his muniment of title and thus offered prima facie proof of his right to hold and exercise the office, the next inquiry is into the right of tenure of the defendant, State ex rel. Langlois v. Lancaster, 218 La. 1052, 51 So.2d 622; Blessing v. Levy, supra; State ex rel. Williams v. Cage, 196 La. 341, 199 So. 209; State ex rel. Ford v. Miltenberger, 33 La.Ann. 263.

The defendant, for his part, has abandoned his attempt to differentiate his recess appointment from the appointment and confirmation received by the plaintiff, main-

taining now that the lower court was correct in its ruling that the office of Judge of the Crowley City Court is one created by the Legislature and not a constitutional office, and therefore the governor was without power, under authority granted to him by the Constitution, either to make a recess appointment to the vacancy, Article 5, Sec. 12, or to nominate and appoint following Senate confirmation, Article 5, Sec. 11. The plaintiff, of necessity, vigorously attacks this ruling, since it is adverse to the legality of his title as well as that of the defendant. He contends that the office is one "established by this Constitution" within the contemplation of Article 5, Section 11, since other provisions of the Constitution specifically set the term of office of judges of city courts and provide for the time of their election, Art. 7, Sec. 51, and further provide that an elected judge shall not be affected in his office, salary or jurisdiction during the term for which he was elected, Art. 7, Sec. 40.

The trial judge, in our opinion, ably and correctly resolved this question, and we quote approvingly the ruling of the court in that respect:

■ "An examination of the various Louisiana Constitutions since the year 1898 reveals that all have contained provisions granting to the Legislature power to abolish justice of the peace courts in wards containing cities of a given population, and to create in their stead courts now known

as City Courts. Constitutions of 1898, Art. 96; 1913, Art. 96; 1921, Art. 7, Sec. 51. Pursuant to this authority various city courts have from time to time been established, and in the year 1928, by Act No. 137, later incorporated as LSA–R.S. 13:-2141 et seq., there was established the City Court of the City of Crowley, consisting of a judge to be elected by the people for a term of six years. It is therefore clear that the Legislature had power to, and did, create the City Court of Crowley, and that the office of judge established in that act is a statutory office falling within the exception contained in Article 5, Section 11 to the effect 'that the Legislature may provide the mode of filling all offices created by it.' The plaintiff's contention to the contrary is without merit. In view of this, it follows that the constitutional authority, Article 5, Section 11, vested in the governor to nominate and, by and with the advice and consent of the Senate, appoint 'all officers whose offices are established by this Constitution,' is inapplicable here, as well as the power granted him to fill vacancies during the recess of the Senate under the succeeding section, since this can be exercised only 'in cases not otherwise provided for in this Constitution,' and the preceding section contains the exception noted above. * * *." The trial judge then concluded that an election should be called to fill the vacancy, as required by LSA–R.S. 42:373, since an unexpired term of more than a year remained at the time of both the first and second appointments.

The plaintiff (while denying that the Revised Statutes are in any way pertinent, in the alternative and only if the office is held to be statutory and not a constitutional office) attacks the above section, LSA–R.S. 42:373, as being in conflict with LSA–R.S. 42:371, claiming that the latter is a special statute, having its origin in a more recent act of the Legislature, which must prevail over the earlier and (impliedly) repealed statute subsequently incorporated as LSA–R.S. 42:373; but if both sections can be given effect, he insists that LSA–R.S. 42:-371 is nevertheless the applicable provision since it specifically covers vacancies in ward and municipal offices (the City Court of Crowley being comprised of the City of Crowley and the 6th Ward of Acadia Parish), and that the vacancy was properly filled by Governor Kennon under that section.

The statutory provisions dealing with vacancies in public office are found in the title of the LSA–Revised Statutes of 1950 devoted to public officers and employees. The Chapter, No. 7, contains four sections, two of which are pertinent here. Section 371, covering *"Vacancies filled by governor"*, provides: "Except as is otherwise required by the constitution and laws of the United States and the constitution of the State of Louisiana, and except in other cases where the law already provides for vacancies in office to be filled by appointment by the governor, whenever a vacancy occurs in any state, district, parish, ward or

municipal office, by reason of death, resignation or otherwise, the said vacancy shall be filled by appointment of the governor, by and with the advice and consent of the senate, until the next regular election shall be held, according to law." The source of this section is Act No. 21, 2d Ex.Sess. of 1934, § 1. Section 373, covering *"Vacancies to be filled by election"*, provides: "When a vacancy is caused by death, resignation, or removal, or otherwise of any officer of the State of Louisiana, of any parish, district or any sub-division of the state, it shall be filled by election, *provided that the said office is, by law, made elective by the people,* and further provided *that the unexpired term is for a longer period than one year.* The election to fill the vacancy shall be ordered by the proper legal authority within the least possible delay under the general election laws of the state." (Italics ours.) The source of this section is Act No. 112 of 1912, § 1.

The uniform jurisprudence is to the effect that all statutory provisions are to be given effect whenever possible. LSA–Civil Code of Louisiana, Art. 17; State v. Texas Co., 205 La. 417, 17 So.2d 569; Town of Abbeville v. Police Jury, 207 La. 779, 22 So.2d 62; Melancon v. Mizell, 216 La. 711, 44 So.2d 826. If acts can be reconciled by a fair and reasonable interpretation, it must be done, since the repeal of a statute by implication is not favored and will not be indulged if there is any other reasonable construction. Town of Abbeville v. Police Jury, supra; State v. Standard Oil Co. of La., 188 La. 978, 1054, 178 So. 601; Mouledoux v. Maestri, 197 La. 525, 2 So.2d 11; State v. Jones, 220 La. 381, 56 So.2d 724. Moreover, where two acts relating to the same subject are passed at the same legislative session, there is a strong presumption against implied repeal, and they are to be construed together, if possible, so as to reconcile them, giving effect to each. State v. Shushan, 206 La. 415, 19 So.2d 185; City of New Orleans v. Board of Supervisors of Elections, 216 La. 116, 43 So.2d 237. In the latter case this Court quoted with approval the following language: "Where it is possible to do so, it is the duty of the courts, in the construction of statutes, to harmonize and reconcile laws * * *. These rules are particularly applicable to statutes passed at or about the same time, or at the same session of the legislature, since it is not to be presumed that the same body of men would pass conflicting and incongruous acts." 216 La. at pages 144–145, 43 So.2d at page 246.

Applying these rules of statutory construction, we have no difficulty in reconciling the two sections. LSA–R.S. 42:373 controls where there is a vacancy in a statutory office made elective by the people and where the unexpired term is for a longer period than one year; LSA–R.S. 42:371 is applicable in other cases. The office of judge of the City Court of Lafayette is an office of the State of Louisiana within the meaning of LSA–R.S. 42:373, State v. Dark, 195 La. 139, at page 150; 196 So. 47,

and cases therein cited; the plaintiff's contention that it is a "ward" or "municipal" office not included within the broader term is clearly untenable.

Having reached this conclusion, in view of the appellee's concession of the correctness of the trial judge's opinion, in which we fully concur, it is unnecessary to further discuss the main demand of the defendant-encumbent, that is, that by the 1950 constitutional amendment to Article 7, Section 51, his term was extended to December 31, 1954.

For the reasons assigned, the judgment appealed from is affirmed.