McCALEB, Justice
(dissenting).
The majority opinion effects a judicial repeal of R.S. 47:159, subd. H on the ground that it is so inconsistent with and contrary to the provisions of R.S. 47 ¡241-243 as to render it inoperative. To this I cannot agree.
Preliminarily, it is apt to observe that R.S. 47 ¡159, subd. H is clear and unequivocal in its terms and fits exactly the situation obtaining in this case. Under the general provisions of our Income Tax Law (see Sub-part B of the Part I of R.S. 47 ¡31(2)), all non-resident individuals are required to pay a tax on net income derived from property located or from business transacted or from sources within the State except as thereinafter exempted. And in Part II of the supplemental provisions of the statute, which deal with capital gains and losses (see Sub-part B, Sections 131-167) and apply to non-residents as well as residents, it is provided by Section 159, subd. C that amounts distributed in complete liquidation of a corporation (domestic or foreign) shall be treated as in full payment in exchange for the stock. Section 159, subd. H, with which we are here concerned, applying to non-residents of this State, reads:
“H. Situs of stock cancelled or redeemed in liquidation. In cases where property located in Louisiana is received by a shareholder in the liquidation of a corporation, the stock can-celled or redeemed in the liquidation shall, for purposes of determining taxable gain under this chapter, be deemed to have its taxable siHis in this state to the extent that the property of the corporation distributed in liquidation is located in Louisiana. If only a portion of the property distributed in liquidation is located in Louisiana, only a corresponding portion of the gain realized by a shareholder shall be considered to be derived from Louisiana sources. * * * ” (Italics mine.)
Since the foregoing provision is admittedly clear and unambiguous, it appears to me that this Court violates the fundamental canon of statutory construction (Article 13 of the Civil Code) in disregarding the letter of the law under the pretext of pursuing its spirit. But the maj ority say that its action is justified because other provisions of the Income Tax Law, particularly those of R.S. 47 ¡241-243 contained in Sub-part F of Part II, relating to the computation of income of non-resident individuals and foreign corporations, are in direct conflict with the letter of R.S. 47 ¡159, subd. H.
*559 I doubt the validity of the resolution that a conflict exists but, if it does, I believe that any asserted inconsistency in the provisions can be harmonized and reconciled by proper construction of the statute as a whole. We are duty bound to adopt a construction which gives effect to all provisions of the law as this will carry out the true intent of the Legislature and is in keeping with the principle that repeals by implication are not favored by law particularly when the alleged conflicting provisions are part of the same statute. See City of New Orleans v. Board of Supervisors, 216 La. 116, 43 So.2d 237 and authorities there cited. See also Chappuis v. Reggie, 222 La. 35, 62 So.2d 92.
The majority concludes that R.S. 47:159, subd. H is inconsistent with the provisions of R.S. 47:241-243 in that Section 243 declares that, in computing net allocable income from Louisiana sources by sales and exchanges of capital assets consisting of incorporeal property or rights, allocation shall be made to the State in which the securities have their situs “ * * * which shall be at the business situs of such securities or credits, if they have been so used in connection with the taxpayer’s business as to acquire a business situs, or, in the absence of such a business situs, shall be at the legal domicile of the taxpayer in the case of an individual or at the commercial domicile of the taxpayer in the case of a corporation; * * * ”. It is then reasoned that, inasmuch as the business situs of the liquidating corporation was in Evansville, Indiana, where the taxpayers resided and the stock certificates were located, there was no legal business situs in Louisiana and that, therefore, the contrary provisions of R.S. 47:159, subd. IT, fixing the taxable situs of stock in this State when it is used in exchange for Louisiana property distributed in liquidation of a corporation, cannot be applied.
The basic error I find in this resolution is that it fails to take into account and give full consideration to all of the provisions of R.S. 47:243(3). That section, after stating that the profits from sales and exchanges of capital assets consisting of incorporeal property or rights shall be allocated to the State in which the securities producing such income have their situs, declares, “ * * * which shall be at the business situs of such securities or credits, if they have been so used in connection with the taxpayer’s business as to acquire a business situs * * * ”. (Italics mine.)
Thus, in the case at bar, as long as the taxpayers’ stock certificates remained in Indiana the stock evidenced thereby, under the fictional maxim “mobilia sequuntur personam”, had a taxable situs in Indiana. But, when these securities were used in the liquidation of the corporation for the purpose of exchanging them in part for real property owned by the corporation, the taxpayers themselves employed this stock in connection with their business in procuring *561 Louisiana property so that it acquired a business situs in Louisiana for the purpose of effecting the exchange insofar as such exchange transferred to the taxpayers the Louisiana property. This is precisely what R.S. 47:159, subd. H provides and, therefore," far from being in conflict with the provisions of R.S. 47:243, it is consonant therewith and renders the profit derived by these taxpayers amenable to Louisiana law.
In fine, I do not perceive the claimed inconsistency between R.S. 47:159, subd. H and the other provisions of the statute relied on by the taxpayers. But, if there be any •doubt as to the interpretation to be given the various provisions, this Court, in my humble opinion, is not warranted in con■cluding that the clear and unambiguous letter of R.S. 47:159, subd. H, which deals with a special situation of exchanges of stock for property in Louisiana upon liquidation of a foreign corporation, has been impliedly repealed by the same Legislature ■that passed it on the theory that it is so utterly inconsistent with the other provisions of the Act so as to require the holding that those general provisions override the special provision with which the Court is presently confronted.
I respectfully dissent.