LOTTINGER, Judge.
The issue before the court is what, if any, part of La.R.S. 14:68 was in effect on March 9, 1981?
The significance is that Sidney Wright, a juvenile, was charged with unauthorized use of a movable, La.R.S. 14:68, allegedly committed on March 9, 1981. The Family Court on its own motion dismissed the charge on the ground that La.R.S. 14:68 had been repealed. The state timely applied to this court for writs, and on June 23, 1981, we issued an alternative writ of mandamus directing the trial judge to recall and vacate his order dismissing the petition. The alternative has been taken.
In the 1980 Regular Session of the Louisiana Legislature two acts were passed amending La.R.S. 14:68, Acts 692 and 708.[1] They amended only the penalty provisions, and as such conflicted with each other. Both acts became effective on September 12,1980. During the Extraordinary Session of 1980, Act 15 was passed repealing La. *1124 R.S. 14:68 as amended by Act 708. Act 15 became effective November 9, 1980.
Basing its contention on the proposition that the latest expression of legislative will controls, relator argues that since Act 708 of 1980 is a later expression of legislative will than is Act 692, then Act 692 was repealed by the passage of Act 708 in the same legislative session. Thus, when Act 15 of the Extraordinary Session of 1980 repealed La.R.S. 14:68 as amended by Act 708, it repealed the only existing version of La.R.S. 14:68. As such, there was no La. R.S. 14:68 in existence on March 9, 1981, under which Sidney Wright could be charged.
In applying for writs the state argues that the substantive portions of Act 692 and 708 are not in conflict; only the penalty portions are. Citing Marquette Cement Manufacturing Company v. Normand, 249 La. 1027, 192 So.2d 552 (1966) and Chappuis v. Reggie, 222 La. 35, 62 So.2d 92 (1952), the state argues that repeal by implication is disfavored, and since the legislature realized the conflict between these two acts and sought to remedy same by the repeal of Act 708, this court should hold that Act 708 was expressly repealed and Act 692 was allowed to remain as the amendment to La.R.S. 14:68.
In Chappuis v. Reggie, supra, the Louisiana Supreme Court laid down the following rules concerning the interpretation of legislative acts which are in conflict and are enacted in the same legislative session, to wit:
“The uniform jurisprudence is to the effect that all statutory provisions are to be given effect whenever possible. LSA-Civil Code of Louisiana, Art. 17; State v. Texas Co., 205 La. 417, 17 So.2d 569; Town of Abbeville v. Police Jury, 207 La. 779, 22 So.2d 62; Melancon v. Mizell, 216 La. 711, 44 So.2d 826. If acts can be reconciled by a fair and reasonable interpretation, it must be done, since the repeal of a statute by implication is not favored and will not be indulged if there is any other reasonable construction.
Town of Abbeville v. Police Jury, supra; State v. Standard Oil Co. of La., 188 La. 978, 1054, 178 So. 601; Mouledoux v. Maestri, 197 La. 525, 2 So.2d 11; State v. Jones, 220 La. 381, 56 So.2d 724. Moreover, where two acts relating to the same subject are passed at the same legislative session, there is a strong presumption against implied repeal, and they are to be construed together, if possible, so as to reconcile them, giving effect to each. State v. Shushan, 206 La. 415, 19 So.2d 185; City of New Orleans v. Board of Supervisors of Elections, 216 La. 116, 43 So.2d 237. In the latter case this Court quoted with approval the following language: ‘Where it is possible to do so, it is the duty of the courts, in the- construction of statutes, to harmonize and reconcile laws * * *. These rules are particularly applicable to statutes passed at or about the same time, or at the same session of the legislature, since it is not to be presumed that the same body of men would pass conflicting and incongruous acts.’ 216 La. at pages 144-145, 43 So.2d at page 246.”
In Blanchard v. Brown, 388 So.2d 865, 869 (La.App. 1st Cir. 1980), this court after citing Chappuis v. Reggie, supra, concluded that “it thus appears well established that where conflict exists between statutes passed at the same legislative session, the statute enacted last will prevail. If such statutes are not in conflict and thus may be construed together, both are given effect.” It is apparent that Acts 692 and 708 only insofar as they relate to the penalty portion thereof are in conflict and cannot be reconciled.
However, we reach the conclusion that La.R.S. 14:68 was amended by Act 692 of 1980 because this act was the latest expression of legislative intent. Though both acts were signed by the governor on the same day, July 24,1980, Act 708 received its final legislative approval on July 13.[2] It is apparent then that even though both acts *1125 were signed on the same day, Act 692, having been approved by the legislature one day later than Act 708, is the latest expression of legislative will. In the Extraordinary .Session of 1980, the legislature merely clarified any problems by expressly repealing Act 708.
We therefore conclude that on March 9, 1981, La.R.S. 14:68 was in existence as amended by Act 692 of 1980.
Therefore, for the above and foregoing reasons, the writ of mandamus issued commanding the Honorable Anthony J. Grap-hia, Judge of the Family Court for the Parish of East Baton Rouge, to vacate and recall his order of April 9, 1981 dismissing the petition in Juvenile Suit Number 53720 of the Family Court, Parish of East Baton Rouge be and the same is hereby made peremptory.
WRIT MADE PEREMPTORY.
APPENDIX
ACT No. 692
Senate Bill No. 360. By: Mr. Bares (By request).
AN ACT
To amend and reenact Section 68 of Title 14 of the Louisiana Revised Statutes of 1950, relative to the crime of unauthorized use of movables, to increase the penalty for violation of said Section and otherwise to provide with respect thereto.
Be it enacted by the Legislature of Louisiana:
Section 1. Section 68 of Title 14 of the Louisiana Revised Statutes of 1950 is hereby amended and reenacted to read as follows:
§ 68. Unauthorized use of movables.
Unauthorized use of movables is the intentional taking or use of any movable which belongs to another, either without the other’s consent, or by means of fraudulent conduct, practices or representations, but without any intention to deprive the other of the movable permanently. The fact that the movable so taken or used may be classified as an immovable, according to the law pertaining to civil matters, is immaterial.
Whoever commits the crime of unauthorized use of movable having a value of one thousand dollars or less shall be fined not more than one hundred dollars, or imprisoned for not more than six months, or both. Whoever commits the crime of unauthorized use of movable having a value in excess of one thousand dollars shall be fined not more than one thousand dollars, or imprisoned with or without hard labor for not more than three years, or both.
Section 2. If any provision or item of this Act or the application thereof is held invalid, such invalidity shall not affect other provisions, items, or applications of this Act which can be given effect without the invalid provisions, items, or applications, and to this end the provisions of this Act are hereby declared severable.
Section 3. All laws or parts of laws in conflict herewith are hereby repealed.
Approved by the Governor: July 24, 1980.
ACT No. 708
House Bill No. 665. By: Mr. Cusimano.
AN ACT
To amend and reenact Sections 32, 34, Subsection B of Section 45, Sections 53, 55, 57, 62, 65, 68, 83, 84, and 282 of Title 14 of the Louisiana Revised Statutes of 1950 relative to adding or increasing fines and penalties for the crimes of negligent homicide, aggravated battery, simple kidnapping, arson with intent to defraud, aggravated criminal damage to property, damage to property with intent to defraud, simple burglary, simple robbery, unauthorized use of movables, soliciting for prostitutes, pandering, and operation of places of prostitution, and otherwise to provide with respect thereto.
Be it enacted by the Legislature of Louisiana:
Section 1. Sections 32, 34, Subsection B of Section 45, Sections 53, 55, 57, 62, 65, 68, 83, 84, and 282 of Title 14 of the Louisiana Revised Statutes of 1950 are hereby amended and reenacted to read as follows:
* * * * * *
§ 68. Unauthorized use of movables
Unauthorized use of movables is the intentional taking or use of any movable which belongs to another, either without the other’s consent, or by means of fraudulent conduct, practices or representations, but without any intention to deprive the other of the movable permanently. The fact that the movable so taken or used may be classified as an immovable, according to the law pertaining to civil matters, is immaterial.
Whoever commits the crime of unauthorized use of movables shall be fined not more than five hundred dollars, imprisoned for not more than six months, or both.
* * 5(5 5(5 Sf!
Section 2. If any provision or item of this Act or the application thereof is held invalid, such invalidity shall not affect other provisions, items, or applications of this Act which can be given effect without the invalid provisions, items, or applications, and to this end the provisions of this Act are hereby declared severable.
Section 3. All laws or parts of laws in conflict herewith are hereby repealed.
Approved by the Governor: July 24, 1980.

. For full text of Acts 692 and 708 insofar as they apply to La.R.S. 14:68, see appendix.

. 1980 Legislative Calendar of the Legislature of the State of Louisiana.