451 So.2d 90 (1984)
Samuel Lee HILTON, Plaintiff-Appellee,
v.
Nancy Claire Thomas HILTON, Defendant-Appellant.
No. 83-530.
Court of Appeal of Louisiana, Third Circuit.
May 16, 1984.
*92 Thomas, Dunahoe & Gregory, Edwin Dunahoe, Natchitoches, for defendant-appellant.
Charles W. Seaman, Natchitoches, for plaintiff-appellee.
Before DOMENGEAUX, GUIDRY and DOUCET, JJ.
GUIDRY, Judge.
The sole issue on appeal in this matter is the defendant's entitlement to alimony after divorce. The parties were judicially separated by judgment dated July 27, 1982. In that judgment, the plaintiff, Samuel Lee Hilton, was ordered to pay the defendant, Nancy Claire Thomas Hilton, alimony pendente lite in the amount of $600.00 per month. The plaintiff thereafter filed a petition for divorce. The defendant answered the petition, seeking alimony after divorce of $600.00 per month. The trial court granted a judgment of divorce, and awarded the defendant alimony in a single lump sum of $1800.00, to be paid at the rate of $300.00 per month over a six month period. The defendant, Nancy Claire Thomas Hilton, appeals.
Appellant contends that the trial court erred in awarding alimony in a lump sum without consent of the parties. We find this contention to be well founded.
LSA-C.C. Art. 160 provides the criteria for determining a spouse's entitlement to alimony after divorce. The article was amended and reenacted by two separate acts of the 1982 Legislative Session, Acts 1982, No. 293, § 1 and Acts 1982, No. 580, § 1. Both acts were approved by the Governor, and both became effective on the same date, sixty days after the adjournment of the 1982 regular session. Section A of the text of the article as amended by Act No. 293 is substantially identical to the full text as amended by Act No. 580. The only substantial difference between the two versions of the article is the addition, in the text as amended by Act No. 293, of Section B, providing courts the option of awarding alimony in a lump sum. It provides:
"B. The court may award alimony in lump sum in lieu of or in combination with permanent periodic alimony when circumstances require it or make it advisable, and the parties consent thereto. In determining whether to award lump sum alimony, the court shall consider the needs of the claimant spouse and the financial condition of the paying spouse. In awarding lump sum alimony in lieu of or in combination with permanent periodic alimony, the court shall consider the criteria enumerated in paragraph A of this article, except the limitation to one-third of the paying spouse's income, in determining entitlement and amount of alimony.
A lump sum award may consist of immovable or movable property or may be a monetary award payable in one payment or in installments.
A judgment which awards lump sum alimony shall vest in the claimant spouse a right which is neither terminable upon either spouse's remarriage or death, nor subject to modification."
*93 No provision for an award of alimony in a lump sum appears in the text of Article 160 as amended by Act 580.
The jurisprudence makes clear that, where two acts relating to the same subject are passed in the same legislative session, there is a strong presumption against implied repeal. The statutes are to be construed together, if possible, so as to give effect to each. Chappuis v. Reggie, 222 La. 35, 62 So.2d 92 (1952); State in the interest of Wright, 408 So.2d 1123 (La.App. 1st Cir.1981).
We find no conflict in the two versions of Article 160 enacted in the 1982 Legislative Session. The two versions contain identical provisions regarding the criteria to be used in determining an award of alimony after divorce. The only substantial difference between the two versions is that one provides the courts the additional option of awarding alimony after divorce in a lump sum. Absent a conflict in the two versions of the article, we conclude that both versions of LSA-C.C. Art. 160 must be afforded legal efficacy.
While an award of alimony in a lump sum is authorized by LSA-C.C. Art. 160, such an award may only be made with the consent of the parties. Section B of the article (as amended by Act 293 of 1982) provides in pertinent part:
"B. The court may award alimony in lump sum in lieu of or in combination with permanent periodic alimony when circumstances require it or make it advisable, and the parties consent thereto." (emphasis supplied).
The foregoing provision clearly indicates that without consent of the parties, an award of alimony may not be made in a lump sum.
The record in the instant case is devoid of any evidence that either party consented to a lump sum award of alimony. The defendant's answer to the divorce petition, wherein she alleges her entitlement to alimony, asks for a permanent monthly award of $600.00 per month. There is no request for, consent to, nor mention of a lump sum alimony award in any of the pleadings nor in the trial transcript. Because such consent is a mandatory prerequisite to an award of alimony in a lump sum, the trial court's judgment awarding defendant alimony in a single lump sum was error.
While we conclude that the trial court's judgment was error, we find it unnecessary to remand the matter for a reconsideration of the award. The matter was fully tried, and a complete record is before us. We therefore choose to decide the case based on our review of the complete record. Gonzales v. Xerox Corporation, 320 So.2d 163 (La.1975).
LSA-C.C. Art. 160[1] provides the following criteria for determining the entitlement and amount of alimony after divorce:
"A. When a spouse has not been at fault and has not sufficient means for support, the court may allow that spouse, out of the property and earnings of the other spouse, permanent periodic alimony which shall not exceed one-third of his or her income. Alimony shall not be denied on the ground that one spouse obtained a valid divorce from the other spouse in a court of another state or country which had no jurisdiction over the person of the claimant spouse.
In determining the entitlement and amount of alimony after divorce, the court shall consider the income, means, and assets of the spouses; the liquidity of such assets; the financial obligations of the spouses, including their earning capacity; the effect of custody of children of the marriage upon the spouse's earning capacity; the time necessary for the recipient to acquire appropriate education, training, or employment; the health and age of the parties and their obligations to support or care for dependent *94 children; and any other circumstances that the court deems relevant.
In determining whether the claimant spouse is entitled to alimony, the court shall consider his or her earning capability, in light of all other circumstances.
Permanent periodic alimony shall be revoked if it becomes unnecessary and terminates if the spouse to whom it has been awarded remarries."
The initial inquiry is a determination of whether the defendant has sufficient means for her support. The claimant spouse has the burden of proving necessitous circumstances. Kean v. Kean, 388 So.2d 398 (La.App. 1st Cir.1980). Until such need has been shown, the means of the other spouse are irrelevant. Kean v. Kean, supra; Moss v. Moss, 379 So.2d 1206 (La.App. 3rd Cir.1980).
In considering whether the spouse has sufficient means, the courts consider the expenses required to procure the basic necessities of life, such as food, shelter and clothing. Also included in the determination are reasonable and necessary automobile expenses, medical and drug expenses, utilities, household expenses, and income tax liability arising from alimony payments. Jordan v. Jordan, 432 So.2d 314 (La.App. 5th Cir.1983), writ denied, 438 So.2d 1111 (La.1983).
The record shows that the defendant, Nancy Thomas Hilton, is employed by her father, a doctor, as a bookkeeper-receptionist. She also works part time for another doctor. Her net take-home pay from both jobs is $794.80. She lists expenses which far exceed her income. These include a mortgage payment of $327.89 per month, a car note payment of $358.00 per month, a monthly note payment to City Bank in the amount of $158.00, and a monthly note payment to Peoples Bank in the amount of $250.00. The foregoing bank note obligations total $1,093.89 monthly. The defendant lists other expenses totalling $661.50, bringing her stated monthly expenses to a total of $1,755.39.
The record also shows that the defendant purchased the plaintiff's interest in the home they previously shared. In consideration of the transfer, the defendant assumed the entire balance of the note, dated September 4, 1981, in the principal amount of $28,500.00. The note is secured by a mortgage on the property. The record does not reflect how much equity the defendant has in the property. The only other assets the defendant owns, according to the record, are her automobile and her household furnishings and appliances.
We observe at the outset that the defendant's employment probably constitutes an underutilization of her earning capacity, a factor which must be considered according to the mandate of Article 160. The defendant testified that she holds a masters degree in "recreation". While the record does not make clear what employment opportunities are available to her, we believe it reasonable to conclude that some job market exists for one who holds an advanced college degree. We also deem it reasonable to conclude that, if the defendant worked in a position in her field, where her advanced education and training could be utilized, she would be capable of earning more than the $800.00 per month she presently takes home.
The record further shows that the defendant lives alone and has no dependents. This circumstance, coupled with the evidence of the defendant's earning capability, makes us reluctant to find that she is in necessitous circumstances so as to warrant an award of alimony after divorce. However, we find that the financial obligations of the defendant place her in a position such that she has insufficient means for her support, and that she is entitled to an award of alimony.
The defendant's monthly mortgage payment of $327.89 is an expense which must be included in the calculation of the means necessary for her support. While we may question the wisdom of the defendant's assumption of the entire balance of the debt due on the family home while in her precarious financial position, *95 we are unable to say that these payments constitute an unreasonable housing expense. Furthermore, the jurisprudence makes clear that a wife is not required to sell her home and deplete the proceeds of the sale in order to be entitled to alimony after divorce. Sonfield v. Deluca, 385 So.2d 232 (La.1980); Vorisek v. Vorisek, 423 So.2d 758 (La.App. 4th Cir.1982). Only when large sums are tied up in extravagant housing will the continued possession of a home be considered sufficient means to defeat alimony. Vorisek v. Vorisek, supra; Kean v. Kean, supra. There is no showing that the defendant's home is extravagant. Thus, whatever equity the defendant has in her home cannot be considered means sufficient to defeat her entitlement to alimony.
The fixed monthly bank note obligations of $158.00 to City Bank and $250.00 to Peoples Bank must likewise be considered. LSA-C.C. Art. 160 provides that the financial obligations of the spouses be considered. See also, Kean v. Kean, supra. The record does not reveal the purpose for which these loans were made. The defendant testified that the debts were community debts incurred during the marriage. In the absence of any showing that these debts represent unreasonable expenses, we are constrained to find that these financial obligations must be considered in determining what is required for the defendant's support.
Reasonable and necessary automobile expenses are also relevant to the determination. We find that the defendant's listed expenses are unreasonable. The defendant pays a monthly car note of $358.00. In addition, she lists her monthly automobile insurance expense at $38.50 and estimates her monthly gasoline expense at $60.00. Thus, the defendant's automobile expenses are well over half of her take home pay of $794.80. We feel certain that reliable transportation can be had for less, and have little difficulty in characterizing this expense as unreasonable in light of the defendant's financial position.
The defendant also lists monthly household expenses totaling $583.00. While certain of these amounts appear to us to be high for a one person household, there is no evidence in the record that they are not actually incurred.
Our review of the evidence leads us to conclude that the defendant has fulfilled the requirement of showing that she is in necessitous circumstances. Even if we reduce the automobile expense, her monthly obligations will exceed her income. Her degree of need, however, is diminished by our conclusion, stated above, that the defendant has an earning capability which exceeds her present income level. Nevertheless, we find that she is presently without sufficient means for her support.
We next consider the means, assets and income of the plaintiff to determine his ability to pay alimony. The record shows that the plaintiff, Samuel L. Hilton, is employed by Placid Oil Company, where he earns a net monthly salary of $1,696.91. In addition, the plaintiff collects retirement pay from the United States Marine Corps in the amount of $449.18 monthly, bringing his net monthly income to $2,146.09.
The total of the plaintiff's listed monthly expenses is $2,761.33, well in excess of his net income. In addition, plaintiff owes a total of $12,704.82 in other debts, including overdue balances on several credit cards, outstanding personal loans, and attorney's fees.
We find that many of the plaintiff's listed expenses should not be considered for purposes of our determination of the plaintiff's ability to pay alimony. The $600.00 per month in alimony pendente lite which he lists should not be considered, as the plaintiff will not incur this expense after divorce. We also do not consider the listed gift expense of $200.00 per month. The expenses listed for yard upkeep and entertainment ($40.00 and $100.00, respectively) may also be deleted for our purposes. The amount listed for tax/personal accounting ($45.00) is, by plaintiff's admission, a one-time bill, and not a monthly expense. Deleting these unreasonable and/or unnecessary items brings the plaintiff's monthly *96 expenses down to $1,776.33. Further, we find that, like the defendant, the plaintiff spends an unreasonable amount on automobile related expenses. The record shows that the plaintiff recently purchased a new 1983 Ford pickup truck. His monthly car note, insurance, upkeep, and gasoline expenses total $683.76. We consider this an unwarranted extravagance for one who professes an inability to make ends meet. Certain other of the plaintiff's expenses seem unreasonable, or at least overstated.
In sum, we find that the plaintiff has income sufficient to contribute to the support of his wife, who we find to be in necessitous circumstances. We are not unmindful of the fact that the plaintiff has many outstanding debts. However, we find that, with a more judicious use of his income, the plaintiff will be able to meet the alimony obligation we shall impose upon him as well as his other outstanding debts. In this regard, we observe that the award we make results in a significant reduction from the amount the plaintiff formerly paid in alimony pendente lite.
In light of all of the foregoing circumstances, we determine that an award of $150.00 per month is justified. We award the defendant this amount in alimony after divorce. As regards all awards of alimony, this award may be later modified or terminated upon a showing of a change in circumstances. Lynn v. Lynn, 430 So.2d 363 (La.App. 3rd Cir.1983); writ denied, 434 So.2d 1094 (La.1983).
For the above and foregoing reasons, the judgment of the trial court awarding alimony after divorce in a lump sum of $1800.00 is reversed. It is hereby ordered that there be judgment in favor of defendant-appellant awarding alimony after divorce in the amount of $150.00 per month. In all other respects, the judgment of the trial court is affirmed.
REVERSED IN PART, AFFIRMED IN PART, AND RENDERED.
DOMENGEAUX, J., concurs in the result.
NOTES
[1] We quote the text of Article 160 as amended by Act 293 of 1982. As aforestated, with regard to the criteria used for determining entitlement and amount of alimony, the two versions of the article are substantially identical.