Dear Mr. Humphrey:
You have requested the opinion of this office as to whether or not LSA-R.S. 22:1065.1 preempts criminal bail bond premiums from the assessment imposed by LSA-R.S. 22:1080 (A).
These statutes are found in Chapter 1, Part XXIII of the Insurance Code and this Part is titled Taxes and Fees. LSA-R.S.22:1061 authorizes "an annual license tax". LSA-R.S. 22:1065
sets out the formula for calculating the amount of the annual license tax, and specifies that the annual license tax applies to insurance of any kind whatsoever in this state not otherwise provided for in this Part.
1065.1 Criminal bail bond annual license fee
 A. There shall be a fee on premium for all commercial surety underwriters who write criminal bail bonds in the state of Louisiana. That fee shall be equal to two hundred dollars for each ten thousand dollars worth of liability underwritten by the commercial surety. This shall be the exclusive fee or tax on any criminal bail bond premium. In furtherance of the payment of this premium fee all commercial surety underwriters underwriting criminal bail bonds in the state of Louisiana shall submit a report each quarter to the commissioner of insurance. The report shall contain, for each parish in which the bond was posted, the amount of criminal bail bonds liability written, and a calculation of the premium fee due. The report shall be due within thirty days from the close of the quarter for which the report is filed.
The Preamble to Acts 1993, No. 834 states, in part, that this Act provides "for an annual premium fee on all criminal bonds," and to repeal statutes in particular localities. Those statutes explicitly repealed are listed in the preamble as:
R.S. 13:994 (B) (1), (2) and (3)
R.S. 13:996 (B) (1), (2) and (3)
R.S. 13:1384 and 1385
R.S. 15:84 and 85
R.S. 22:1406 (E)
The Digest to the Original Senate Bill 992, which was prepared by Tim Prather, sets out that the proposed law repeals LSA-R.S. 13:1384 and 1385 which are miscellaneous fees attached to criminal bail bonds. He adds that the only fee is the annual license fee provided in LSA-R.S. 22:1065.1. The Digest to the Engrossed Bail Reform Act of 1993 was prepared by Terry Ryder. He also indicates that the proposed law, LSA-R.S. 22:1065.1, provides for "an annual license fee . . . payable to the Commissioner of Insurance for distribution to the district attorneys. . ."
LSA-R.S. 22:1080 (A) states:
 1080. Assessment on insurance premiums; method of collection; disbursement
 A. In addition to all other taxes and assessments, each insurer other than a life insurer shall be assessed and within sixty days after December 31 of each year shall pay to the commissioner of insurance a sum equal to one-fourth of one percent of the amount of premiums received in this state by such insurer during the preceding year ending December 31. Such assessment shall be imposed on all insurance premium received for the insurance against loss or damage by fire of property or whatever nature and kind in the state of Louisiana.
Act 834, which added LSA-R.S. 22:1065.1, does not specifically mention LSA-R.S. 22:1080 (A). The courts have consistently held that there is a presumption against implied repeal of a statute. It is assumed that the legislature "envisions the whole body of law when it enacts new legislation." State v. Piazza, 596 So.2d 817 (La. 1992).
If possible, all statutory provisions should be given effect if the acts can be reconciled by a fair and reasonable interpretation. Since there is a strong presumption against implied repeal of a statute, the courts favor harmonizing and reconciling laws. Chappuis v. Reggie, 222 La. 35 (1952), 62 So.2d 92. In general, statutory construction requires that statutes be considered along with all other laws on the same subject matter. The interpretation adopted should be consistent with the express terms of the statute and the obvious intent of the legislature in adopting the statute. It is presumed that the legislature did not intend to repeal any prior law without an express declaration of intent to do so. It is well settled that "prior laws are repealed by subsequent laws only in the case of positive enactment or clear repugnancy and nothing short of irreconcilable conflict between two statutes works a repeal by implication. Hayden v. Richland Parish School Bd., 554 So.2d 164
(La.App. 2 Cir. 1989).
There is an indication of legislative intent to repeal prior law in the preamble to Act No. 834 of 1993. The statutes expressly intended to be modified or repealed are listed. LSA-R.S. 22:1080 is not included. The Louisiana Supreme Court has approved reference to the preamble of a bill as an aid in determining legislative intent. Green v. Louisiana Underwriters Insurance, 571 So.2d 610,614 (La. 1990).
LSA-R.S. 22:1065.1 (A) refers to a "fee on premium for all commercial surety underwriters who write criminal bail bonds in the State of Louisiana." Black's Law Dictionary, 740, 1628 (4th. ed. 1968) defines fee and tax as:
 Fee — a charge fixed by law for services of public officers or for use of a privilege under control of government.
 Tax — to enact or declare that a pecuniary contribution shall be made by the persons liable, for the support of government.
LSA-R.S. 22:1065.1 is titled "Criminal Bail Bond Annual License Fee." LSA-R.S. 22:1080 is titled "Assessment on insurance premiums." It is not unreasonable for the Legislature to impose both a license fee and a tax based on a percentage of premium income. As a rule, exemptions from taxations are to be strictly construed. Cajun Electric Power Co-Op., Inc. v. McNamara, 452 So.2d 212, writ denied 458 So.2d 123. An exemption from a tax is an exceptional privilege and must be clearly, unequivocally and affirmatively established. Goudchaux — Maison Blanche Inc. v. Broussard, 590 So.2d 1159. One express exemption is indeed provided for in LSA-R.S. 22:1080. The legislature had an opportunity to amend this statute and add another exemption and did not do so.
LSA-R.S. 22:1065.1 and LSA-R.S. 22:1080 (A) should be interpreted to give both statutes effect. It is not clear and unequivocal that the legislature intended to exempt criminal bail bonds from the premium tax. Therefore bail bond insurers are required to pay both a license fee and a premium tax.
Sincerely,
 RICHARD P. IEYOUB Attorney General
 BY: MAZIE M. DOOMES Assistant Attorney General