Dear Mr. Wimberley:
You have requested an opinion of the Attorney General, on behalf of the Louisiana Housing Council, Inc., and the Church Point Housing Authority regarding the ability of housing authorities to self-insure against loss for fire and extended coverage on their properties.
You direct our attention to two statutory provisions, the first of which is the Local Housing Authority Self Insurance Act of 1981 (R.S. 33:1351 et seq.). This law grants housing authorities the power to enter into interlocal risk management programs to self-insure against certain risks. However, it specifically prohibits housing authorities to self-insure against loss on account of fire and extended coverage.
R.S. 1353 (D) provides as follows:
 D. The provisions of this subpart shall not authorize any local housing authority to enter into local risk management programs to self insure against loss on account of fire and extended coverage.
The second set of laws comprise the Louisiana Housing Authorities Law, as amended by Act No. 1188 of the 1997 Regular Session of the Louisiana Legislature (R.S. 40:381, et seq.). Under this law, specifically R.S. 40:450, housing authorities are empowered to:
 (1) Purchase and maintain in force bonds and insurance of such types and for such purposes as the authority deems appropriate and pay premiums and charges for all bonds and policies of insurance purchased by the authority. Bonds and policies of insurance benefiting or insuring the authority shall be in such amounts, contain such terms and conditions, provide for such deductibles, be in such form, and be issued by such companies as the authority shall deem appropriate.
 (2) Self-insure and form and participate in consortia, insurance pools, and other organizations owned or operated by housing authorities for the purpose of insuring such authorities; such consortia, pools, or organizations may include units of government or public agencies other than housing authorities.
The issue presented for our consideration is whether housing authorities can, under R.S. 40:450, self-insure against loss on account of fire and extended coverage, notwithstanding the language in R.S. 33:1353(D). This issue must be resolved in accordance with the general rules of statutory interpretation.
Louisiana Civil Code Article 13 provides that laws on the same subject matter must be interpreted in reference to each other. The general rule of statutory interpretation, when there are two sets of laws enacted purporting to govern the same subject matter, can be succinctly stated as follows:
All statutory provisions are to be given effect whenever possible. If acts can be reconciled by a fair and reasonable interpretation, such reconciliation must be done since the repeal of a statute by implication is not favored if there is any other reasonable construction. It is only where there is a direct and irreconcilable conflict that one may resort to such conflict-resolving rules such as the last enacted statute prevailing over the first enacted statute, or the more specific statute prevailing over the more general statute. City of NewOrleans v. the Board of Supervisors of Elections, 216 La. 116,43 So.2d 237 (La. 1949); State in the Interest of Sapia,397 So.2d 469 (La. 1981); Hilton v. Hilton, 451 So.2d 90
(La.App. 3rd Cir. 1984); and Attorney General Opinion Nos. 98-122, 88-195 and 87-459.
As previously noted, R.S. 33:1353(A) permits housing authorities to enter into interlocal risk management programs to self-insure against certain risks. Paragraph (D) of that section specifically excludes the authority to self-insure against loss on account of fire and extended coverage.
R.S. 40:450 grants housing authorities the power to self-insure against losses in general. It does not address any specific type of risk or loss, nor does it specifically exclude any risk or loss.
Applying the rules of statutory interpretation discussed hereinabove, it is the opinion of this office that these two laws are not in direct and irreconcilable conflict. Accordingly, each law must be given effect so as to supplement the other. Thus, while housing authorities may enter into interlocal risk management programs to self-insure risks in general, they may not enter into any agreement or any management program to self-insure against loss on account of fire and extended coverage.
Trusting this adequately responds to your inquiry, I am
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: __________________________ ROBERT E. HARROUN, III Assistant Attorney General
RPI/Rob3/sfj
Date Received:
Date Released:
ROBERT L. HARROUN, III ASSISTANT ATTORNEY GENERAL