Dear Mr. Cowan:
As the Chief Investigator for Concordia Parish Sheriff's Office, and pursuant to your request, you have formally requested an Attorney General Opinion on the following issues:
 1.) May a law enforcement officer arrest a person for "resisting an officer" when the person refuses to sign a traffic citation?
 2.) May the Mayor or Mayor's Court Judge require a full-amount cash bond only, not allowing any other type of bond to be made on a traffic citation or misdemeanor citation?
 3.) May a law enforcement officer issue a traffic citation for failure to wear a seatbelt, when the seatbelt is indeed buckled, but the chest/shoulder harness has been placed under the arm instead of across the shoulder?
 4.) May a police officer hold a driver's license in Louisiana in lieu of bond?
To address your first inquiry, La. R.S. 14:108 defines the criminal violation for resisting arrest. The statute clearly provides that the "intentional interference with, opposition or resistance to, or obstruction of" the officer must be made while the officer is in the process of "acting" to achieve one of four lawful actions, which are as follows: 1) arresting a person; 2) detaining a person; 3) seizing property; or 4) serving process. Refusal to sign the citation is not addressed. Furthermore, the issuance of the citation is actually a "summons." A summons is "an order in writing, issued and signed by a magistrate or peace officer . . . commanding the person to appear before the court . . ." La. C.Cr.P. art. 208. The person's signature on the citation is merely a promise to appear in court. Although the refusal to sign the citation triggers certain legal consequences, the consequences do not fall under the resisting arrest statute since the violation complained of did not occur during one of the enumerated acts listed, but after the issuance of the summons.
According to Louisiana jurisprudence, unless the officer is engaged in attempting to seize property, attempting to serve process, or attempting to make a lawful arrest, then the defendant who opposes the officer, is not resisting within the definition of the crime of `resisting an officer.' State v. Green, App. 5 Cir.1997, 706 So.2d 536, 97-702
(La.App. 5 Cir. 12/30/97); State v. Joseph, App. 5 Cir.2000,759 So.2d 136, 99-1234 (La.App. 5 Cir.3/22/00). Also, State v. Brister, App. 3 Cir.1987, 514 So.2d 205, held that the defendant could not be guilty of resisting an officer where the officer was not in the process of arresting the defendant at the time the defendant allegedly resisted. Again, when the offender refuses to sign the citation, the offender is actually refusing to make a written promise to appear in court.
In reference to the potential legal consequences of a person's failure to sign a traffic citation, please see La. R.S. 32:391(B) which mandates by the plain language used that any person who refuses to give the written promise to appear must be taken immediately to an appropriate magistrate by the officer. Thus, the person may ultimately be arrested for the refusal to sign, but not under La.R.S. 14:108, resisting arrest.
To address your second inquiry, regarding whether or not the Mayor's Court can require a full-amount cash bond only, it is this office's opinion that it can not. La. R.S. 13:1894(C) provides that "City judges may also require bonds to keep the peace; issue warrants of arrest; examine, commit, and admit to bail and discharge; and hold preliminary examinations in all cases not capital." Thus, the plain language used in the statute confers certain discretionary power and authority to city court judges.
If you direct your attention to La. C.Cr.P. art. 311, bail is defined as "the security given by a person to assure his appearance before the proper court whenever required." Next, La. C.Cr.P. art. 312 describes the three types of bail in Louisiana as: 1) bail through surety; 2) bail through cash deposits; and 3) bail without surety. Additionally, La.C.Cr.P. art. 333 confers the authority to fix bail to the mayor's courts and traffic courts in criminal cases within their jurisdiction. However, La. C.Cr.P. art. 339 specifically mandates that "once a single amount of bail for each charge has been fixed by the court, the defendant, in posting the bond shall have the right to select either a commercial surety, a secured personal surety, or a cash deposit." Thus, it is this office's opinion that the court cannot require only a full-amount cash bond.
In response to your third inquiry, La. R.S. 32:295.1 regulates safety belt use. Furthermore, Section (A)(1) provides that "Each driver of a passenger car, van, or truck. . . . in this state shall have asafety belt properly fastened about his or her body at all times when the vehicle is in forward motion. . . . unless the vehicle is manufactured prior to January 1, 1981." Thus, under this statute, an officer can issue a traffic citation to an operator if the seatbelt is not "properly fastened about his or her body" and assuming the vehicle is older than January 1, 1981. The legislative intent behind this statute is for the safety of Louisiana drivers. Under La. R.S. 32:62.1, a seat belt is defined as the manual restraint system installed by the manufacturer as required by Federal Motor Vehicle Standard No. 208. When a seatbelt is not properly fastened, it cannot provide the maximum safety it is designed to provide. Therefore, it is the opinion of this office that when the driver's clasp is fastened, but the shoulder and/or chest harness is not properly across the chest and shoulder, then the safety belt is not properly fastened about the body and La. R.S.32:295.1 has been violated.
Finally, in response to your last inquiry regarding whether or not a police officer has the discretion to hold a driver's license in lieu of bond, the answer depends on the facts of each situation.
La. R.S. 32:57 regulates the penalties and alternatives to citation. That statute provides in Section C(1) the following: "Each governing authority on whose behalf citations are issued for alleged violations of the provisions of this Chapter shall establish a procedure by which alleged offenders may promise, in writing, to appear in court to answer the charge or charges. The written promise to appear shall be acceptedin lieu of posting bond or depositing a driver's license." By the plain language in the statute, this section clearly gives discretion to theoffender to decide whether they will promise in writing to appear in court {sign the citation} or not. At that point, if the offender chooses to promise in writing to appear in court, the police officer cannot hold their driver's license.
However, La.R.S. 32:57 goes on to list specific exceptions where the above provisions shall not apply. The exceptions listed are as follows: (1) when the motor vehicle operator is under the influence of alcohol or controlled substances; (2) when the operator exceeds the speed limit by 15 miles per hour or more; (3) when the operator exceeds speed limit in a school zone; (4) when the operator's license is suspended; (5) when the operator engages in drag racing; (6) when the operator is cited for failure to maintain compulsory security; (7) when the operator is involved in an accident with injury; or (8) when the operator commits the same offense twice within one hour. Thus, under these specific exceptions, the police officer can hold the offender's license.
Please also direct your attention to La. R.S. 32:391 (A) which specifically provides "Except as otherwise provided in this Section, the person arrested shall have the option of remaining in custody pending his furnishing bail as fixed by a magistrate or depositing his operator's license with the arresting officer, as provided in R.S.32:411. . ." indicating again that upon arrest, it is within theoffender's discretion of remaining in custody, or allowing the police officer to hold the driver's license. However, the first sentence in Section (B) provides that if the arrestee holds a Louisiana operator's license and signs, promising to appear in court, then the police officer has the discretion to release the arrestee from custody, or bring the arrestee immediately before a magistrate, but the police officer shall not hold the arrestee's operator's license. Thus, the police officer still will only be able to hold a driver's license under the specific enumerated circumstances listed in R.S.32:57(E)(F).
Finally, La. R.S. 32:411, which is directly on point, provides that the deposit of a driver's license in connection with the issuance of a citation is prohibited, unless specifically provided for in this Section. This statute is dealing with the police officer'sdiscretion in the holding of a driver's license, without the offender's consent. Specifically, Section (B) lists the following situations where it is solely up to the police officer to hold the offender's license: 1) operating a vehicle under the influence of alcohol or controlled dangerous substance; 2) exceeding speed limit by 25 mph or more; 3) speeding in a school zone; 4) driving with a suspended license; 5) drag racing; 6) failure to maintain compulsory security; 7) offender involved in accident with death or injury; 8) offender committed same offense twice within an hour; or 9) if the officer alleges that the operator has a medical condition which could result in suspension or revocation of the driver's license. As in R.S. 32:57, Section (C) of R.S. 32:411
addresses specific requirements where the decision to deposit the driver's license is solely within the offender's discretion. The requirements for the offender to have the option of depositing his/her license in lieu of bail are as follows: offender must have a lawful driver's license and is on active duty with United States armed forces or a dependent thereof, or is enrolled in a Louisiana college or university. Thus, the law specifically provides for certain instances where the deposit of the driver's license in lieu of bail is an option of the offender and other specific instances where it is an option of the police officer. Thus, this fourth inquiry will require a case by case analysis of the facts and law. In support of this opinion, seealso La. Atty. Gen. Op. Nos. 99-115, May 7, 1999; 95-398, November 20, 1995; and 03-0224, July 11, 2003.
 Very truly yours,
 CHARLES C. FOTI, JR.
 TASHA WEST ASSISTANT ATTORNEY GENERAL
 OPINION NO. 95-398
November 20, 1995
 60 — Law Officers — Authority of Jurisdiction 62-B — Legislature — Acts of Bills Act 995 (1995) Act 1036 (1995) LSA-R.S. 32:411
Act 1036 (1995) is the latest expression of legislative will. Accordingly, any retention of an individual's driver's license by an arresting officer pursuant to the commissioner of a traffic offense must conform with the provisions of Act 1036 (1995).
 Mr. L. Gordon King Executive Director Louisiana Municipal Association Baton Rouge, Louisiana
Dear Mr. King,
This office is in receipt of your opinion request dated September 8, 1995. You present an inconsistency between two recent Acts of the 1995 Regular Session, Act 995 and Act 1036 regarding a police officer's right to retain the driver's license of an individual cited for atraffic offense.
Act No. 995 (1995) amends and reenacts LSA-R.S. 32:411 to authorize that certain persons shall be released upon the signing of the `promise to appear' portion of the traffic citation. Specifically, LSA-R.S.32:411(A)(4), as enacted by Act 995, states:
Whenever any person who resides in this state is arrested and charged with a violation of the Louisiana Highway Regulatory Act or any municipal or parish ordinance regulating traffic to any parish or municipality such person shall be released on his own recognizance uponsigning the promise to appear section of the traffic citation. Act No. 1036 (1995), amended and reenacted LSA-R.S. 32:411 to read, in applicable part, as follows:
A. Except as is otherwise specifically provided in this Section, the deposit of a driver's license in connection with the issuance of acitation alleging the commission of a traffic offense is prohibited.
B. (1) An arresting officer may retain the driver's license of an operator of a motor vehicle when that operator has been issued acitation alleging that the operator was:
(a) Operating the motor vehicle under the influence of alcohol or controlled substances.
(b) Exceeding the speed limit by fifteen miles per hour or more.
(c) Exceeding the speed limit in a school zone.
(d) Driving with a suspended license.
(e) Drag racing.
(f) Cited for failure to maintain compulsory security.
(2) An arresting officer may retain the driver's license of an operator when the operator was involved in an accident in which a person was injured, or when an operator is alleged to have committed the same offense twice within a period of one hour.
These provisions appear to be in conflict with each other. Act 995 mandates the release of a traffic violator if he or she signs a appearance clause of the citation. In contrast, Act 1036 provides for specific instances when the officer may retain a violator's driver's license.
When two Acts enacted in the same legislative session are in irreconcilable conflict with one another, the Act enacted last will prevail as "the latest expression of legislative intent." State in theInterest of Write, 408 So.2d 1123, 1124 (La.App. 1st Cir. 1981).
*2 Act 995 (1995) received final passage on May 31, 1995, while Act 1036 (1995) received final passage on June 15, 1995. Accordingly, Act 1036 (1995) is the latest expression of legislative will. Any retention of an individual's driver's license by an arresting officer pursuant to the commission of a traffic offense must conform with the provisions of Act 1036 (1995).
I trust this adequately answers your question. Should you require further assistance, please contact our office.
Very truly yours,
Richard P. Ieyoub Attorney General
James M. Ross Assistant Attorney General
 OPINION NO. 99-115
April 29, 1999.
8 Bonds
71 Municipalities 
La. R.S. 32:391; 32:411
 Non-resident drivers who are cited for violations of state traffic regulations in the City of Vidalia do not have the option of depositing their out-of-state driver's licenses in lieu of bail.
 Mr. Billy Hammers Chief of Police Vidalia Police Department Vidalia, Louisiana
Dear Mr. Hammers:
Your request for an Attorney General's Opinion was forwarded to me for research and reply. In particular, you have asked the following question:
 Does a non-resident driver cited for violation of state traffic regulations in the City of Vidalia have the option of depositing his out-of-state operator's license with the arresting officer in lieu of bail?
 La. R.S. 32:391, which sets forth the procedures for appearance upon arrest by violators of state traffic laws, states in pertinent part:
 A. Except as otherwise provided in this Section, the person arrested shall have the option of remaining in custody pending his furnishing bail as fixed by a magistrate or depositing his operator's license with the arresting office, as provided in R.S. 32:411.
In this provision, there is no distinction made between those people with Louisiana operator's licenses, and those with out-of-statelicenses. Therefore, if the violator meets the requirements set forth inLa. R.S. 32:411, he will have the option of depositing his driver'slicense in lieu of posting bail.
The first paragraph of La. R.S. 32:411 provides:
 A. Except as is otherwise specifically provided in this Section, the deposit of a driver's license in connection with the issuance of a citation alleging the commission of a traffic offense is prohibited.
This paragraph indicates that La. R.S. 32:411 is to be narrowly construed and applied. However, the statute further reads:
 C. Whenever any person lawfully possessed of a driver's license issued to him by either:
 (1) The Department of Public Safety and Corrections; or
 (2) The appropriate agency of another state if such person resides in this state and either:
 (a) Is on active duty with the armed forces of the United States or is a dependent of any person described in this Subparagraph; or
 (b) Is enrolled in a Louisiana college or university is arrested and charged with a violation of the Louisiana Highway Regulatory Act or any municipal or parish ordinance regulating traffic in any municipality or in any parish he shall have the option of depositing his driver's license with the arresting officer in lieu of bail. This provision clearly establishes that the option of depositing a driver's license in lieu of posting bail is available for only four groups of people: 1) persons who hold Louisiana operator's licenses; 2) persons who reside in Louisiana, yet hold a valid driver's license from another state, and who are enrolled in a Louisiana college or university; 3) persons who reside in Louisiana, yet hold a valid driver's license from another state, and who are active members of the armed forces; and 4) persons who are dependents of the above- mentioned Louisiana residents who are active members of the armed forces. Thus, no other group of drivers has the option of depositing their operator's license in lieu of bail. *2 Please note that while La. R.S. 32:411 sets forth a specific list of instances in which the arresting officer may retain the driver's license of the violator, regardless of the state of issuance of the license, there are other innumerable possibilities of license seizure under Louisiana and municipal traffic laws which are too voluminous to discuss here. Therefore, it is the opinion of this office that non- resident drivers who are cited for violations of state traffic regulations in the City of Vidalia do not have the option of depositing their out-of-state driver's licenses in lieu of bail. I hope that this opinion has adequately addressed your needs. If you have any further questions, please do not hesitate to contact this office. With regards, I am
 Sincerely, Richard P. Ieyoub Attorney General Ann Evans Wall Assistant Attorney General